THE NEW YORK, NEW HAVEN AND HARTFORD RAIL-
ROAD COMPANY *vs.* WILLIAM C. HUNGERFORD, ADMIN-
ISTRATOR.

First Judicial District, Hartford, May Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A default, after demurrer overruled, is a waiver or abandonment by the
defendant of his right to review, upon a writ of error, the correct-
ness of the rulings of the trial court upon the demurrer.

This rule accords with sound policy, and rests upon the broad princi-
ple that a final judgment, rendered after a full hearing upon the
merits of the cause, should not be disturbed for mere defects in
form, or for erroneous decisions upon questions that, by operation
of subsequent proceedings, have become practically academic.

Such default does not, however, absolve the trial court from rendering
a judgment upon the hearing in damages which accords with the
averments of the complaint; and if these are radically defective
and entirely insufficient to support the judgment, the defendant
may bring a writ of error for its reversal.

Judgment rendered against a defendant by *nihil dicit* is in substance a
judgment by default.

Upon a writ of error the truth of the record cannot be questioned.

In a writ of error the precise defect relied upon as ground of reversal
must be specially assigned, in order to entitle it to the considera-
tion of this court.

Argued May 7th—decided June 11th, 1902.

WRIT of error to reverse a judgment of the Superior
Court for Hartford County, rendered upon a hearing in dam-
ages after a default, awarding the defendant in error $2,500
damages for the death of his intestate caused by the alleged
negligence of the plaintiff in error.

The specific error relied upon was the action of the trial
court, *Elmer, J.*, in overruling the demurrer of the railroad
company to the complaint in the original action. *Judgment
of Superior Court affirmed.*

The judgment of the Superior Court sought to be reversed
is as follows: "This action, by writ and complaint claiming
five thousand dollars damages as on file, came to this court

on the first Tuesday of January, 1901, and thence by continuance to the present time, when the parties appeared. On May 13th, 1901, the defendant suffered a default, and moved to be heard in damages, which motion was allowed. The court having heard the parties, assesses the damages at the sum of twenty-five hundred dollars. Whereupon it is adjudged to the plaintiff to recover of the defendant twenty-five hundred dollars damages and his costs taxed at dollars and                     cents."

The complaint claimed damages for injuries caused by the negligence of the defendant. It appears from a copy of the record of the proceedings in the Superior Court, annexed to the writ, that the defendant appeared and filed a demurrer, specifying nine distinct reasons for the insufficiency of the complaint; that on March 16th, 1901, the judge filed a memorandum, "Demurrer is overruled;" that afterwards, the clerk made the entry, "Defaulted by defendant for hearing in damages, May 13th, 1901;" that judgment was rendered February 20th, 1902.

The writ specially assigns ten errors, the first being that the court overruled the demurrer, and the others, that the court erred in not sustaining the demurrer for each of the nine reasons therein specified. No other error was in any way assigned.

*John T. Robinson*, for the plaintiff in error.

*E. Henry Hyde*, for the defendant in error.

HAMERSLEY, J.  The nature and effect of a judgment by default has been well illustrated by pointing out the analogy between an action at law and a syllogism. The major premise is a proposition of law, as, for instance, whoever does certain specified acts to the injury of another is bound to pay that other the damage thus inflicted. This proposition is not pleaded, but is necessarily involved in stating the facts alleged in the complaint.

The minor premise is a statement of facts, as, for instance,

the defendant has done certain acts (being the acts referred to in the proposition of law) to the damage of the plaintiff. These facts are alleged in the complaint.

The conclusion is the judgment or sentence of the law, which necessarily follows the establishment of the truth of the two premises.

When a defendant, duly served with process, fails to appear, he is in default, and such default is treated as an admission by him of the truth of the proposition of law and of the facts as alleged in the complaint. *Lamphear* v. *Buckingham*, 33 Conn. 237, 247. The plaintiff is entitled to have such default recorded, and thereupon is entitled to judgment.

When the action is such that the damage suffered definitely and certainly appears from the allegations of the complaint, the admission by the defendant goes to the whole extent of the material facts alleged, and the plaintiff is entitled to a judgment for that definite sum. But when the action is of a different nature, as when the plaintiff seeks to recover unliquidated damages for injuries suffered through the wrongful conduct of the defendant, the admission has a different effect. In such case the extent of the wrong is not required to be definitely stated, and the amount of damage claimed is not presumed to be the actual damage resulting from the wrong. The defendant by his admission conclusively establishes, as against himself, the truth of some wrong and some damage. Before judgment can be rendered, the amount of damage, including the extent of the wrong, must be ascertained, and inquiry in the nature of a supplemental trial of facts may be had. Under the English practice and that of most, if not all, of our sister States, such inquiry is referred to a jury; but under our practice, by immemorial usage, latterly regulated by statute, the inquiry is made by the court. The defendant who has been defaulted may appear and move for leave to be heard upon this inquiry, and take part in the supplemental trial. If he does not appear, the inquiry is an informal hearing for the assessment of damages; if he does appear, the inquiry is in the nature of a supplemental trial

involving the determination of questions of law and fact, and the determination of the damages to be assessed after such trial. It is so far in the nature of a judgment, rendered after the trial of a cause upon its merits, that it may be set aside upon appeal for errors of the court in conducting the trial.

The record, however, which leads up to the judgment, consists only of the writ and complaint, the default, the defendant's motion for a hearing in damages and its allowance, and, impliedly, the amount of damages found upon the hearing. Unless steps are taken under statutes framed for the purpose of enlarging the record with reference to an appeal, the judgment refers only to these facts of record, and thereupon pronounces the sentence of the law. Such judgment cannot be held erroneous on proceedings in error, by reason of an insufficient complaint, if the statement of a cause of action appropriate to the judgment is reasonably involved in its averments, although it may be defectively stated.

In the present case the judgment sought to be reversed is of the above description, and is not erroneous unless the complaint is wholly insufficient in substance to support a judgment.

It appears, however, from the transcript of the proceedings in the Superior Court, that the defendant (plaintiff in error) duly appeared in response to the writ and filed a demurrer to the complaint, and that this demurrer was overruled, and that the defendant (plaintiff in error) then suffered a default and moved for a hearing in damages; and the plaintiff in error claims that the judgment is erroneous because the court ought to have sustained, and ought not to have overruled, the demurrer.

It is immaterial whether or not the rulings on the demurrer were correct. When the defendant (plaintiff in error) suffered a default, it withdrew its appearance and the cause stood, for the purposes of a judgment, as if it had never appeared. By withdrawal of appearance the demurrer was abandoned. No judgment on the demurrer could then be rendered. The defendant (plaintiff in error) compelled the

court to render the judgment it did render, as upon default of appearance. The defendant (plaintiff in error) by its demurrer denied the truth of the proposition of law involved in the action ; by suffering a default before judgment was rendered on that issue, it withdrew its denial and admitted the truth of the proposition of law. It is now bound by that admission. It follows that the specifications of error in the writ, in respect to the action of the court in dealing with the demurrer which has been abandoned, furnish no ground for reversing the judgment.

For the purpose of avoiding this result, counsel for the plaintiff in his able argument has urged several claims which we ought to notice. The argument involved in his first claim may be stated thus : (1) In overruling a demurrer the court determines an issue of law, and any erroneous view of the law which controls it in determining that issue must necessarily vitiate the judgment which follows, whether that judgment is rendered after a hearing in damages or not ; and so a judgment upon demurrer overruled may be reversed upon a writ of error assigning, as grounds of error, the several rulings of the court upon the reasons specified in the demurrer for the insufficiency of the complaint. (2) In hearing in damages upon demurrer overruled, and upon default, the demurrer in the one case, and the default in the other, has the same effect upon the conduct of the trial, the issues to be tried, and the relevant testimony ; and as effecting a hearing in damages, a default is the equivalent of a demurrer ; therefore, a judgment upon default, suffered after a demurrer has been overruled, may be reversed upon writ of error in the same manner as if no default had been suffered and the judgment had been rendered upon demurrer overruled.

Assuming for the moment the truth of the first premise, the second is not broad enough to support the conclusion.

It is true that the practical effect upon a hearing in damages of a demurrer and a default is the same, but it does not follow that a default is in every respect the equivalent of a demurrer overruled ; if it be true that a defendant in moving for a hearing in damages after demurrer overruled does

not necessarily waive his demurrer, but may be still entitled, after final judgment, to have that judgment reversed for erroneous rulings in disposing of the demurrer, it does not follow that a defendant, in suffering a default after a demurrer has been overruled, does not abandon that demurrer but is still entitled to have the judgment on default reversed because the views, expressed by the court upon a demurrer, as to which no judgment was rendered, are not correct.

We think it clear for the reasons above given, that a defendant who has filed a demurrer and learned the opinion of the court upon his reasons for demurrer, and then suffers a default, thereby abandons his demurrer; and this rule well consists with sound policy. A judgment may always be challenged for defects in the complaint which are substantial and fatal; but after a hearing, which is in effect a trial of a cause upon its merits, the judgment should not be disturbed for any defects in the complaint which are not of this nature. Rules of pleading and practice, more or less arbitrary, are necessary, but their administration demands the safety valve of waiver, based on the broad principle that a final judgment, rendered after a full hearing upon the merits of the cause, should not be disturbed for mere defects in form, or for errors in decisions upon questions that have by operation of subsequent proceedings become practically academic.

The plaintiff in error further claims that the only default chargeable to him is the failure to plead further after the demurrer was overruled; that by the practice of the local bar a refusal to plead further is signified on the docket by the entry the "defendant defaulted," and that therefore the judgment in legal effect is one upon demurrer overruled.

Local practice certainly does not change the law. The finding of the court in overruling a demurrer is analogous to a verdict upon trial to a jury, or to a finding of facts upon trial to a court. Judgment must follow. Prior to 1872 no further pleadings were allowable. The defendant may interpose a motion in arrest. *Lamphear* v. *Buckingham*, 33 Conn. 237, 247. The plaintiff may immediately ask for the assessment of damages, or the defendant may immediately move to be

heard in damages. The Act of 1872 does not change the law so that a failure to plead, under that Act, is a default. The Act gives the defendant, in such case, "the right to plead over" (Public Acts of 1872, p. 17, Chap. 27), or, as expressed in the Revision of 1888, the defendant "may plead over" (§ 1014). This right to plead is a statutory privilege, and should be exercised, if at all, within the time fixed by rule for the next step in pleading; and if no time is fixed, before a motion for assessment of damages is allowed. But if the Act should be construed as imposing a duty on the defendant to plead, and he neglects to plead according to the rules prescribed, then judgment may be rendered against him by *nihil dicit*, and this is substantially a judgment by default.

It is unnecessary to pursue the discussion, for this claim of the plaintiff in error involves a plain contradiction of the findings in the judgment it seeks to reverse. Possibly proceedings might have been had upon appeal for the correction of the record, if it involved a mistake, but upon a writ of error the truth of the record cannot be questioned.

It is claimed that in any event the judgment is erroneous, in that the complaint alleges no cause of action; and that such judgment may be reversed, for that reason, upon writ of error.

Facts may be established by admission of parties, but not propositions of law. The defendant by his default has admitted the truth of the proposition of law involved in the allegations of the complaint, and upon this admission, in connection with the admission of the truth of the facts alleged, the court must render judgment. But the judgment must pronounce the true sentence of the law; if it does not it is erroneous.

But this precise matter of error is not specially assigned in the writ, and it must be so assigned to secure consideration as a matter of right. Rules of Court, p. 38, § 117.

The judgment on its face is certainly not so palpably erroneous as to require consideration of this claim without a special assignment of the error relied on. The rule of court requiring the setting forth in a special assignment of the precise

matter of error or defect relied upon as ground of reversal, is in line with the settled policy of court and legislature to discourage and limit the use of the writ of error as a process for invoking the jurisdiction of this court in cases where the more adequate and equitable process of appeal can be used.

The judgment of the Superior Court is affirmed.

In this opinion the other judges concurred.