SARAH CARY ET AL. *vs.* THE PHŒNIX INSURANCE COMPANY ET ALS.

Third Judicial District, Bridgeport, October Term, 1910.
HALL, C. J., PRENTICE, THAYER, WHEELER and GAGER, Js.

While a writ of error will lie to review decrees in equity as well as judgments in actions at law, the remedy is not co-extensive with that afforded by the process of appeal.

Rulings or decisions not mentioned in the record nor involved in the judgment rendered, are not matters for the consideration of this court, although assigned as erroneous in a writ of error; for such assignments must be limited to matters of record.

A memorandum of decision is not a finding of facts, nor, unless made so by the court, can it become a part of the record so as to serve as the basis for a writ of error.

In an action of interpleader the parties were at issue as to the ownership of $5,700, which had been paid into court by a railroad company in settlement of a judgment against it for having negligently destroyed by fire a building belonging to one *C*. Four insurance companies had paid to *C* sums aggregating $4,200, and claimed reimbursement from the fund in court, for the amounts paid by them respectively, under a clause of the policies which provided that if the fire was caused by the act or neglect of another, the company should, upon payment of the loss, be subrogated, to the extent of such payment, to all right of recovery by the insured for the loss resulting therefrom, and that such right should be assigned to the insurance company by the insured on receiving such payment. *C* had assigned the judgment recovered by her against the railroad company to *M*, her attorney, and he claimed the full amount thereof as such assignee, and also claimed a lien thereon for his expenses and disbursements in prosecuting that suit. The insurance companies alleged the foregoing facts, and also averred that *C* was insolvent and that the pretended assignment of the judgment by her to *M* was fraudulent and made for the purpose of depriving them of their rights in and to said fund in the hands of the court; and these averments were denied by *C* and *M*. The issues thus raised were determined in favor of the insurance companies, and the amounts paid by them to *C* were awarded to them, respectively, and the balance of the fund to *M*. To reverse this decree, *C* and *M* brought a writ of error, which set forth the pleadings and judgment-file, but no finding of facts or bill of exceptions. *Held:*—

1. That the only question of law thereby presented for review in this court was whether the facts alleged and proved by the insurance companies, as disclosed by the record, were insufficient to warrant the decree rendered.
2. That in the absence of any finding of facts or bill of exceptions laying a foundation therefor, various assignments of error as to rulings of the trial court were not properly presented, and could not be considered.
3. That no formal assignment of the rights of the insured to the insurance companies was essential in order to enable them to enforce their claims of subrogation.
4. That in the absence of the evidence and subsidiary facts, this court could not review the determination of the trial court as to the fraudulent nature and purpose of the plaintiffs in error in assigning the judgment.
5. That inasmuch as the suit against the railroad company had not been prosecuted for the benefit of the insurance companies, but to deprive them of their rights, there was no error in disallowing *M's* claim for services and disbursements in connection with such suit.
6. That it was questionable whether the trial court should have awarded the balance of the fund to *M* after finding that he and *C* had acted with a fraudulent purpose, and that the latter was insolvent; but as none of *C's* creditors appeared or claimed this balance, and no one challenged the validity of the decree in this particular, it would be permitted to stand.

Argued November 1st—decided December 16th, 1910.

WRIT OF ERROR to reverse a judgment of the Superior Court in and for Fairfield County, *Reed, J.,* awarding a fund, theretofore paid into court, to certain of the respondents and claimants in an action of interpleader. *No error.*

*William B. Stoddard,* for the plaintiffs.

*Leonard J. Nickerson,* for the defendants.

HALL, C. J.  The record of the action of interpleader, made a part of this writ of error, shows the following proceedings in the Superior Court:—

In July, 1905, the Phœnix Insurance Company brought an action to the Superior Court, alleging in its

complaint that on the 16th of June, 1904, it paid to Sarah Cary the sum of $1,500, under a policy of insurance issued to her by said company, for the loss she had sustained by the burning of her hotel property through the fault of the New York, New Haven and Hartford Railroad Company; that on July 2d, 1904, Sarah Cary brought an action against said railroad company for damages to said property by such fire, and in 1905 recovered judgment for $5,719.04, which was still unpaid; that the Royal Insurance Company also paid Sarah Cary $600, the Commercial Union Assurance Company $600, and the Continental Insurance Company $1,500, as insurance on account of said loss; that said Cary is insolvent, and is endeavoring to defraud said plaintiff insurance company of its interest in said judgment by assigning it to Caleb A. Morse, one of the plaintiffs in error. Said complaint of the Phœnix Insurance Company asked for an injunction restraining the collection and payment of said judgment and for an order of interpleader.

Upon said action of the Phœnix Insurance Company, a temporary injunction restraining the collection and payment of said judgment was issued, and afterward, upon the cross-complaint of the New York, New Haven and Hartford Railroad Company, the four named insurance companies, and the plaintiffs in error, Cary and Morse, were ordered to severally interplead concerning their rights to the sum of $5,728.78 ordered to be paid by said New York, New Haven and Hartford Railroad Company, into the hands of the clerk of the Superior Court.

Said insurance companies thereupon severally filed their claims in the Superior Court, each claiming to be subrogated to the rights of Cary to said judgment, to the extent of the amount of the insurance paid to her by such company. Each of the policies under which

such insurance was paid contained the following provision: "If this company shall claim that the fire was caused by the act or neglect of any person or corporation, private or municipal, this company shall, on payment of the loss, be subrogated to the extent of such payment to all right of recovery by the insured for the loss resulting therefrom, and such right shall be assigned to this company by the insured on receiving such payment."

Each of the insurance companies further alleged in its pleadings and statement of claim made under said order to interplead, that in April, 1905, it notified the New York, New Haven and Hartford Railroad Company of its claim to such part of said fund; that in May, 1905, it applied to the Superior Court to be made a party to said action against the railroad company, which application was refused; that Sarah Cary is insolvent; and that she has endeavored, in connection with said Morse, to obtain the amount of said judgment, and has pretended to assign the same for the purpose of defrauding said insurance companies.

The claims, answers and other pleadings filed by Sarah Cary and Caleb A. Morse, under such order, are substantially alike. Each alleged in substance, in paragraphs 13 and 14, that on May 15th, 1905, for a valuable consideration, said Cary sold and assigned all her interest in said judgment to said Morse, of which the railroad company had notice, and that Morse is the actual bona fide owner and holder thereof by such assignment; that Morse is an attorney at law, and that he incurred all the expense necessary to the bringing of said action against the railroad company, and employed counsel to aid him, and that he had a lien and claim upon said judgment, for such services and expenses, to the amount of fifty per cent of such judgment, prior and superior to the claim of any of the

insurance companies, as was known to the insurance companies, and in which lien Sarah Cary acquiesced. Morse also alleged, in paragraph 13 of his claim and answer, that the assignment was made to him before the insurance companies claimed to be subrogated to the rights of Cary. Both Morse and Cary asked that the entire amount of the judgment be paid to Morse, by virtue of said alleged lien, and assignment, and each asked for costs in defending the suit of the Phœnix Insurance Company.

To these claims of Cary and Morse the insurance companies replied, denying the averments of paragraphs 13 and 14 of the pleadings of Cary and Morse, excepting the allegation therein that Morse appeared for the plaintiff in the suit of Cary against the railroad company, and further averring, in paragraphs 3, 4 and 7 of their replies, that Morse had no authority from the insurance companies to prosecute said action against the railroad company; that Morse was employed by Cary under an agreement that he should pay all the expenses and receive fifty per cent of what he obtained of the railroad company, and that the alleged assignment to Morse was fraudulent, and concocted and arranged by Morse and Cary to defraud the insurance companies of their interest in said judgment, of the existence of which they knew; and that for the same purpose Morse, on July 24th, 1905, assigned his interest in the judgment to the Metropolis Manufacturing Company, which company, after the commencement of the present action, reassigned it to Morse.

Cary and Morse filed rejoinders denying the averments of paragraphs 3, 4 and 7 of said replies.

The judgment-file, under date of January 5th, 1909, states, among other things, that the court found the issues "in favor of each of the insurance companies", and "the interpleas and statement of claim of" each

of the named insurance companies "proved and true;" and also finds "that as between Sarah Cary and Caleb A. Morse, the balance remaining after the payment of the sums to be paid the insurance companies should be paid said Caleb A. Morse." The court thereupon adjudged that there should be paid to each of said insurance companies the amount of the insurance so paid by such company, with interest received on said sum, and that the balance of $1,528.78, with such interest, should be paid to said Morse, and that no costs be taxed for or against either of said parties.

The seven errors of law assigned in the present action are in substance these:—

(1) In holding that the provision of the insurance policy, above quoted, was not a valid contract governing the rights of the parties, and in not holding that it only provided for an assignment by the insured at the time of the payment of the insurance.

(2) In holding that the insurance companies might repudiate said contract of insurance, and claim an interest in the judgment obtained by Sarah Cary against the railroad company at her own expense, and without allowing her or her attorneys for their expenses and services in obtaining such judgment.

(3) In holding that the insurance companies might repudiate said contract and maintain the present action without having made a demand upon Sarah Cary to assign her claim against the railroad company at the time the insurance was paid, and without having obtained such assignment.

(4) In holding that Sarah Cary in prosecuting her action against the railroad company was acting as trustee for the insurance companies, and in not holding that the attempt of the insurance companies to appropriate said judgment to their own use was a fraud upon Sarah Cary and her attorney.

(5) In holding, as stated in the court's memorandum of decision, that the action of Sarah Cary and Morse was a fraud upon the insurance companies.

(6) In not holding that the insurance companies, by their delay in claiming any interest in the right of action against the railroad company, were estopped from claiming any part of the sum for which judgment was recovered against the railroad company.

(7) In not allowing the plaintiffs a reasonable sum for expenses and attorney fees in the prosecution of the action against the railroad company.

The remedy by writ of error is not limited, as the defendants claim, to cases in which it is sought to review the proceedings in actions at law. That prior to 1897 a writ of error might, under our statute, be brought from a decree in equity, is not questioned. Prior to that date it was provided by statute that "writs of error for errors in matters of law only," might be "brought from the *judgments and decrees* of the Superior Court, . . . to the Supreme Court of Errors." Rev. 1888, § 1145. This language clearly permitted a writ of error from the final decision in an action in equity. See note to *Zaleski* v. *Clark*, 45 Conn. 397, 405. In the Act of 1897 the words "and decrees" were dropped. Public Acts of 1897, p. 888, Chap. 194. By omitting these words, it was not intended to preclude the remedy by writ of error for the review of proceedings in actions for equitable relief. Under the Practice Act we have but one form of civil action, and legal and equitable relief are granted in "one and the same suit." General Statutes, §§ 532, 607. The words "judgments of the Superior Court" in § 819 include the final decisions of that court in actions in which equitable or legal, or both equitable and legal relief are sought.

The remedy by writ of error is not, however, co-

extensive with that by the process of appeal. It is not intended as "a process for invoking the jurisdiction of this court in cases where the more adequate and equitable process of appeal can be used." *New York, N. H. & H. R. Co.* v. *Hungerford,* 75 Conn. 76, 83, 52 Atl. 487.

The writ of error before us is quite inadequate to present the questions sought to be raised by the assignment of errors. They are of a character to be reviewed upon an appeal containing a finding of facts. Only errors which appear upon the record of the Superior Court, the transcript of which is contained in the writ of error, can properly be assigned in this case. *Corbett* v. *Matz,* 72 Conn. 610, 45 Atl. 494. That record contains no finding of facts, except as appears in the judgment-file, nor does it contain a bill of exceptions placing upon record the facts touching the questions sought to be reviewed. *Picket* v. *Allen,* 10 Conn. 146, 156. The memorandum of decision is improperly contained in the writ of error. It is not a finding of facts, nor, unless made so by the court, is it such a part of the official record as to become the basis of a writ of error. *Cummings* v. *Hartford,* 70 Conn. 115, 123, 38 Atl. 916.

The judgment-file in the proceeding in the Superior Court, which is a part of the record contained in the writ of error, states that "the court having heard the. parties, finds the issues in favor of each of the insurance companies." The only question of law, therefore, which can be said to be presented by the assignment of errors in the case before us, is whether the final judgment, as set forth in such judgment-file, can be sustained by such finding. In other words, whether the pleadings of the insurance companies, which were not demurred to, and which in the judgment-file are found "proved and true," are so defective in substance

as to be insufficient to support the judgment rendered. Unless they are thus insufficient, the judgment complained of cannot, in this action, be held to be erroneous. *New York, N. H. & H. R. Co.* v. *Hungerford,* 75 Conn. 76, 52 Atl. 487.

We must look to the assignment of errors to ascertain in what respects it is claimed that the facts set forth in the pleadings of the insurance companies, and which were so found proven, are insufficient to support the judgment rendered.

The first four of the seven assignments of error allege that the Superior Court erred in holding or ruling as particularly stated in said assignments. We find no such express rulings or decisions in the record, nor are such rulings involved in the judgment rendered. The Superior Court did not either expressly or impliedly find or hold that the insurance companies could repudiate or disregard, or that they had repudiated or disregarded, any part of the contract of insurance. The prominent averments of the pleadings of the insurance companies in the action of interpleader, and therefore the principal findings and rulings which are elements of the judgment rendered in that action, based upon the truth of such pleadings, are these: (1) that the judgment of $5,719.04 against the railroad company was for a loss by fire from the negligence of the railroad company, for which loss Sarah Cary had been paid insurance by the four companies named to the amount of $4,200; (2) that by reason thereof, such insurance companies had become, to the extent of their respective payments, subrogated to all right of recovery by the insured for such loss; and (3) that in an equitable action of interpleader in which the only person, excepting said insurance companies, who claimed the sum for which the judgment against the railroad was rendered, was an alleged assignee of the judgment,

by virtue of an assignment, which was "concocted and arranged" by himself and the insured "for the purpose of defrauding these insurance companies," the four insurance companies were entitled to an order directing the clerk of the court to pay to each of them the amount of the insurance so paid by such company to Sarah Cary. A fourth element of the judgment was that, upon the finding as stated in the judgment-file, such assignee was entitled to be paid the remainder of the amount of the judgment against the railroad company after payment of the amount of such insurance.

That the facts constituting the first-named element or ground of the judgment were properly found is unquestioned.

The ruling involved in the second element of the judgment is in accordance with the law as laid down by this court in *Regan* v. *New York & N. E. R. Co.*, 60 Conn. 124, 131, 133, 22 Atl. 503, and in conformity to the express provision, quoted above, of the insurance policies. The provision in each policy for an assignment to the insurance company of a limited right of recovery, for the loss insured against, when caused by the neglect of any person or corporation, is for the benefit of the insurance company. The failure of these four insurance companies to procure formal assignments of such rights, if there was such a failure, did not by law or by any provision of the policy deprive them of their right to the orders made in their behalf in the action of interpleader. *Regan* v. *New York & N. E. R. Co.*, 60 Conn. 124, 22 Atl. 503.

In the absence of the evidence or of the facts from which the conclusion was drawn regarding the third-named element of the judgment, we cannot review the action of the Superior Court in finding "proved and true" the averments of the insurance companies that the assignment to Morse was "concocted and arranged"

by him and Sarah Cary "for the purpose of defrauding these insurance companies." The averments of fraud were in no respect defective. In this action by writ of error they must stand "proved and true," and it requires no argument or citation of law to show that these facts furnish sufficient reason why Morse should have received under the assignment no more than the sum ordered to be paid him.

Regarding said fourth-named element of the judgment, we think it may be questionable whether the Superior Court as a court of equity should, after a finding in favor of the insurance companies, involving a finding that both Cary and Morse had acted with a fraudulent purpose, have ordered the said balance of $1,528 to be paid to him. *Warshow* v. *Elwood & Son,* 83 Conn. 430, 76 Atl. 531. Sarah Cary was insolvent, and her creditors were entitled to payment of their claims from the sum awarded him. But as the extent of her indebtedness is not found, and as no creditor of Sarah Cary appears to have asked payment from that sum, and all persons interested seem to have acquiesced in the payment ordered to be made, and probably already made to him, and no one claims that that part of the judgment is erroneous, we do not decide that the judgment was in respect to that order erroneous.

What we have already said regarding the first four assignments of error and of the grounds or elements of the judgment rendered, as shown by the record, is decisive of the question presented by the fifth assignment of error, as well as of those presented in the first, fourth and sixth assignments by the averments that the court erred in not holding as therein stated.

There was no error, as alleged in the seventh assignment of error, in not allowing the plaintiffs a reasonable sum for attorney fees and expenses in prosecuting the action against the railroad company. The record does

Cary *v.* Phœnix Ins. Co.

not show that any such allowance was asked for in any other way than by claiming the entire amount of the judgment, and by claiming that Morse had a lien for his services and expenses, to the amount of one half the judgment, superior to the claims of the insurance companies, and known by them to be superior to their claims. Nor does the record show that the plaintiffs proved the extent or value of Morse's services, or the amount of his expenses. Had it been shown that the action against the railroad company was prosecuted in good faith, for the benefit, either wholly or in part, of the insurance companies, the court might properly have required them to contribute to the payment of the expenses of prosecuting the action by which a judgment was obtained for their benefit. But they could not properly be compelled to contribute to the payment of expenses incurred, or services rendered, for the purpose of defrauding them. The court having found the issues raised by the pleadings regarding the motives of Cary and Morse in favor of the insurance companies, it committed no error in allowing him nothing for services rendered and expenses incurred as an attorney.

There is nothing erroneous in the judgment complained of.

In this opinion the other judges concurred.