JOSEPH A. BROWN *vs.* JAMES CRAY, MAYOR, ET ALS.

First Judicial District, Hartford, January Term, 1914.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Under General Statutes, § 819, a writ of error for errors in matters of law only, is limited to judgments rendered by the "courts" therein specified, and therefore does not lie to review a decision of a "judge" as to the legality of the vote of the electors of a city upon the liquor-license question pursuant to authority conferred upon him by chapter 152 of the Public Acts of 1909.

That Act declared that the decision of the judge upon such questions should be "conclusive." *Held* that as thus used "conclusive" meant final, and therefore precluded a review of the decision by a writ of error as well as by an appeal.

Such decision is final as to all matters confided by the Act to the determination of the judge, upon which the parties were heard or had the opportunity to be heard.

A transcript of the evidence has no place in a writ of error brought to this court to review errors of law in the judgment of the court below; and if incorporated therein is of no avail to the plaintiff in error. Any facts essential to a proper understanding of the issues determined and of the alleged errors which it is desired to have reviewed, must appear either in the judgment-file (§ 763), or in a finding which is made part of the record pursuant to § 759.

The memorandum of decision cannot, upon a writ of error, be treated as a finding.

In hearing and determining any judicial matter confided to him, a judge exercises a judicial function.

The judgment rendered should be embodied in the judgment-file duly drawn up and recorded.

A judgment is rendered when the decision is announced officially, either orally in open court or by memorandum filed with the clerk.

A writ of error lies from final judgments only.

A writ of error may raise questions (1) arising from interlocutory rulings upon pleadings, (2) relating to jurisdiction, and (3) those designed to show whether the adjudication made was, in law, both within the issues raised and within those determined.

Argued January 15th—decided March 19th, 1914.

WRIT OF ERROR to reverse a decision of the *Hon. William S. Case*, a judge of the Superior Court, dismissing the petition of the plaintiff herein praying that the vote on license taken on October 6th, 1913, be declared void, brought to this court on the first Tuesday of January, 1914, where the defendants in error filed a motion to correct the record, a motion to erase from the docket, and a plea in abatement, to which plea the plaintiff in error demurred. *Motion to erase granted.*

*Epaphroditus Peck*, with whom was *William J. Malone*, for the defendants, in support of the plea in abatement and motion to erase.

*Noble E. Pierce*, with whom was *William L. Canty*, for the plaintiff, in opposition to the plea in abatement and motion to erase.

WHEELER, J. The defendants in error move to strike from the record the memorandum of decision and the transcript of the evidence.

The writ of error recites that the plaintiff in error brought his petition to the *Hon. William S. Case*, a judge of the Superior Court, praying judgment that the vote on the question of license taken on October 6th, 1913, in Bristol, be declared void because of the failure to observe certain specified requirements of the statute relating to the taking of the vote, and complaining that the judge, in rendering judgment dismissing the petition, erred in refusing to declare the vote void because of the violations of the statutory requirements, and in a certain rule of law adopted.

The writ further recites that the entire record relating to the petition is made a part of it, and all of the papers relating to it, together with the transcript of the evidence taken on the hearing, duly certified by the clerk of the Superior Court, are printed, and were presumably filed in this court as the entire record of the proceedings on the petition.

The transcript of the evidence, under our practice, unless perhaps on a bill of exceptions in an action of summary process, can never be incorporated in a writ of error. None of the facts appearing in it can be found by us. If any such are essential to a proper understanding of the issues determined by a court and of the errors of law apparent upon the record of the court and desired to be reviewed on a writ of error, they must appear in the record, either in the judgment-file (General Statutes, § 763), or in the record by motion made pursuant to General Statutes, § 759. *Nowsky* v. *Siedlecki*, 83

Conn. 109, 116, 75 Atl. 135; *Broughel* v. *Southern New Eng. Tel. Co.*, 72 Conn. 617, 624, 45 Atl. 435.

The memorandum of decision cannot, unless made a part of the record, be treated upon appeal as a finding, nor as supplementing the finding. *Rogers* v. *Hendrick*, 85 Conn. 260, 267, 82 Atl. 586; *Cary* v. *Phœnix Ins. Co.*, 83 Conn. 690, 697, 78 Atl. 426.

The rule is equally applicable to an attempt to treat, upon a writ of error, the memorandum of decision as a finding.

We hold, upon appeal, that the memorandum of decision may be resorted to by this court for the purpose of ascertaining the rulings of the trial court upon questions of law, and for interpreting the findings of the judgment-file, or those made for the purposes of the judgment. *Rogers* v. *Hendrick*, 85 Conn. 260, 267, 82 Atl. 586; *Phœnix Ins. Co.* v. *Carey*, 80 Conn. 426, 433, 68 Atl. 993; *Cummings* v. *Hartford*, 70 Conn. 115, 124, 38 Atl. 916; *Styles* v. *Tyler*, 64 Conn. 432, 439, 30 Atl. 165.

Our rules require the memorandum of decision to be printed in all cases. Practice Book (1908) p. 275, § 23. This rule applies to appeals only.

Without attempting a complete classification of the errors which may properly be raised on a writ of error (excepting in an action of summary process), we may say that the only errors which now occur to us as proper on such writ are those errors of law which appear upon the face of the record, viz: questions arising from interlocutory rulings upon the pleadings, questions relating to the jurisdiction, and questions as to whether the issues determined were within the pleadings, and whether the adjudication had was, in law, within the issues pleaded and within those determined.

Let us now take up the motion to erase from the docket. Chapter 152 of the Public Acts of 1909, p. 1079,

provides for a review, by any elector in the town in which he resides, of the vote upon the question of license where the requirements of the statute have not been complied with, by petition to a judge of the Superior Court, who "shall . . . hear and determine such petition, and his decision thereon shall be conclusive."

*Judge Case* heard the petition to declare the vote, taken in Bristol on October 6th, 1913, on license, void, and returned all the papers, including a memorandum of his decision, to the clerk of the Superior Court for Hartford County, and endorsed upon the petition: "Petition denied for reasons given in memorandum filed herewith, and all the papers certified to the Superior Court for Hartford County. *Case, J.*"

The plaintiff in error brings his writ of error to reverse this decision.

The defendants in error have filed in this court their motion to erase the writ of error from the docket, and their plea in abatement to the writ.

The questions determinative of the writ are properly raised by the motion, and we shall have no occasion to consider the plea in abatement.

The motion to erase is justified by the defendants in error upon these grounds: 1. That at common law the writ of error only lies to review a judgment of a court of record in a cause proceeding according to the course of the common law, and the decision of *Judge Case* was not a judgment of a court, and had none of the characteristics of a common-law action; and that this remedy is in our jurisdiction statutory and available in the case of a final judgment by a court.

*Judge Case*, in deciding the cause presented to him in this petition, unquestionably exercised judicial power; and every judge to whom is committed the decision of judicial, as distinguished from administrative, matters, is in the exercise of a judicial function when he so de-

cides. *Cogswell* v. *Second National Bank*, 76 Conn. 252, 257, 56 Atl. 574; *New Milford Water Co.* v. *Watson*, 75 Conn. 237, 241, 52 Atl. 947, 53 id. 57; *Norwalk Street Ry. Co.'s Appeal*, 69 Conn. 576, 37 Atl. 1080, 38 id. 708.

The decision of the judge upon a petition of this character was a final judgment. *Bristol* v. *Bristol Water Co.*, 85 Conn. 663, 84 Atl. 314.

Good practice required that the judgment-file be drawn up and recorded. *Norton* v. *Shore Line Electric Ry. Co.*, 84 Conn. 24, 78 Atl. 587. The practical advantages of having a recorded judgment are apparent. "The record of the court in which the judgment was rendered . . . was the only proper evidence of the judgment, in the absence of evidence that such record was lost or destroyed." *Waterbury Lumber & Coal Co.* v. *Hinckley*, 75 Conn. 187, 190, 52 Atl. 739. The judgment-file is the evidence of the judgment; the judgment itself is rendered when the judge officially announces his decision "either orally in open court, or by memorandum filed with the clerk," as was done in this case. *Hull* v. *Thoms*, 82 Conn. 386, 391, 73 Atl. 793; *Goldreyer* v. *Cronan*, 76 Conn. 113, 117, 55 Atl. 594.

The writ of error can only be brought after a final judgment (*Wallace* v. *Middlebrook*, 28 Conn. 464), and under the common law from the final judgment of a court and not of a judge or special tribunal. *Thayer* v. *Commonwealth*, 53 Mass. (12 Metc.) 9, 10. The statutory requirement that this judgment shall be lodged with the clerk of the Superior Court and certified under the seal of the court, was designed to provide for a permanent record of the judgment and as a convenient, if not necessary, aid to the appeal provided for by General Statutes, § 807. This could not, and did not, convert the judgment of the judge into the judgment of the Superior Court. "A judge of the Superior Court is not a court." *Central Railway & Electric Co.'s Appeal*, 67

Conn. 197, 206, 35 Atl. 32. If our writ of error were a common-law remedy instead of a statutory one, the writ in this case would not lie, since the judgment sought to be reviewed is that of a judge and not that of a court. Our writ of error is a statutory remedy, and by the express terms of the statute the writ "for errors in matters of law only, may be brought from the judgments of the Superior Court, Court of Common Pleas, and any City Court," to this court. General Statutes, § 819. We have before on several occasions pointed out that our power of review was limited to writs of errors from the final judgment of a court. *Norwalk Street Ry. Co.'s Appeal,* 69 Conn. 576, 601, 37 Atl. 1080, 38 id. 708; *Green* v. *Hobby,* 8 Conn. 165. Prior to 1864 decisions of a judge under his judicial power could not be reviewed, and to remedy this defect a statute (now General Statutes, § 807) granting an appeal was enacted. *Central Railway & Electric Co.'s Appeal,* 67 Conn. 197, 206, 35 Atl. 32.

Secondly it is said, the decision of the judge upon this petition was made conclusive by the statute upon which it is based, and therefore the writ of error will not lie. The statute (Public Acts of 1909, Chap. 152) prescribes that "such judge shall thereupon hear and determine such petition, and his decision . . . shall be conclusive." Language more definite in meaning and more emphatic in form would be hard to find. We determined that "conclusive," in the sense there used, meant final, and that this language prevented an appeal from the decision of a judge. *Woodruff* v. *Chapin,* 83 Conn. 330, 76 Atl. 294. If the decision of the judge is so conclusive as to prevent an appeal, it is none the less conclusive when the remedy sought is a writ of error; for, under our practice, an appeal performs in all respects the office of a writ of error, and will lie whenever a writ will. *Brewster* v. *Cowen,* 55 Conn. 152, 155, 10 Atl. 509;

*O'Donnell* v. *Sargent & Co.*, 69 Conn. 476, 483, 38 Atl. 216. Moreover, it is a much broader remedy than the writ of error. *New York, N. H. & H. R. Co.* v. *Hungerford*, 75 Conn. 76, 83, 52 Atl. 487; *Cary* v. *Phœnix Ins. Co.*, 83 Conn. 690, 697, 78 Atl. 426; *State* v. *Caplan*, 85 Conn. 618, 625, 84 Atl. 280.

The decision of *Judge Case* was final upon the parties to the petition in respect to all matters which the law confided to his determination and concerning which he acted within his jurisdiction, and upon which the parties were duly heard or had the opportunity of being heard. *Central Railway & Electric Co.'s Appeal*, 67 Conn. 197, 206, 35 Atl. 32. When the judge acts without his jurisdiction, or the parties have neither been heard nor had the opportunity to be heard, the sole remedy is by appeal; writ of error lies from the final judgment of a court as prescribed by statute.

Cases cited by the plaintiff in support of the remedy of the writ of error are invariably reviews of decisions of courts, not of a judge.

The motion to erase is granted.

In this opinion the other judges concurred.