THEODORE E. ROGERS *vs.* PHILIP E. HENDRICK.

Third Judicial District, New Haven, January Term, 1912.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

The law of champerty and maintenance, in so far as it existed in this State, has been materially modified by statute. General Statutes, § 1351, provides that "every attorney, sheriff, deputy sheriff, or constable, who shall, with intent to make gains by the fees of collection, purchase and sue upon any choses in action, shall be fined not more than one hundred dollars." But an attorney at law may purchase for value a judgment, and bring suit upon it in his own name, if he acts in good faith, and not for the purpose of exciting or maintaining litigation, or making gain by the fees of collection, or for the purpose of giving fictitious jurisdiction to a certain court, or for any other unlawful purpose.

The purchase by an attorney at law of a judgment is less open to suspicion than that of a claim not resting in judgment; since he may reasonably have believed that his assignor's right to the amount of the judgment could no longer be contested, and that there would be no occasion for further litigation.

The plaintiff brought an action to the Superior Court in New Haven County, where he resided, against a resident of another county, and in his complaint alleged the rendition of a judgment against the defendant in favor of one L, a resident of New York, the assignment of the judgment to the plaintiff, and that he was the actual bona fide owner of said judgment. The defendant pleaded in abatement that the plaintiff was an attorney at law, and that "the facts alleged in the complaint disclose that" the assignment was champertous, in violation of the statute, and contrary to public policy, and that the Superior Court in New Haven County had no jurisdiction of the action. The court overruled a demurrer to

Rogers *v.* Hendrick.

this plea. The plaintiff then answered the plea, admitting that he was an attorney at law, and denying all the rest of the plea. The court found the allegations of the plea true, and dismissed the action. *Held:*—

1. That if the court meant to find that the assignment was in fact champertous or otherwise illegal, its finding was without the issues and erroneous.

2. That if it meant to find, as pleaded, that the facts alleged in the complaint showed such illegality, its finding was erroneous, since the complaint alleged that the plaintiff was the actual and bona fide owner of the judgment, and the other facts do not as matter of law show this allegation to be untrue.

3. That the real validity of the assignment could only be determined on the trial of an answer which denied the bona fides of the assignment or set up facts which render it illegal.

A memorandum of decision may, under certain limitations and in aid of an appeal, be resorted to to determine what conclusions of law controlled the decision of the trial court; but such memorandum cannot be treated as a finding of facts unless expressly made a part of the record. In the absence of any finding of facts, the judgment-file is the only source of information as to what issues the court decided.

Argued January 16th—decided March 7th, 1912.

WRIT OF ERROR to reverse a judgment of the Superior Court in New Haven County (*Shumway, J.*) rendered in favor of the defendant in error. *Error, judgment reversed, and case remanded to be proceeded with to final judgment.*

It appears by this writ of error that the plaintiff therein, on the 19th of October, 1909, brought an action to the Superior Court in New Haven County to recover upon a judgment rendered by the Supreme Court of New York, and assigned to the plaintiff, upon which action such proceedings were had as are indicated by the following record, made a part of this writ of error, and printed in the footnote.*

---

* " . . . By authority of the State of Connecticut, you are hereby commanded to attach to the value of forty-five hundred (4500) dollars, the goods or estate of Philip E. Hendrick, of the town of Norwich, county of New London, Connecticut, and him summons to appear be-

Rogers *v.* Hendrick.

*William E. Thoms*, for the plaintiff.

*Charles F. Thayer*, for the defendant.

HALL, C. J.   The writ of error alleges that the Superior Court erred in overruling the plaintiff's demurrer

fore the Superior Court for New Haven County, to be held at Waterbury in and for said county, on the first Tuesday of November, 1909, then and there to answer unto Theodore E. Rogers, of said Waterbury, in said New Haven County, in a civil action wherein the plaintiff complains and says: 1. On October 18, 1909, before the Supreme Court for the county of Kings, State of New York, one Samuel Lipshitz, of the borough of Brooklyn, city of New York and State of New York, recovered a judgment which was duly given by said court against the defendant, for $3,101.42, in an action wherein said Samuel Lipshitz was plaintiff and the defendant was a defendant. 2. On said 18th day of October, said Lipshitz duly assigned said judgment to the plaintiff, for value, and the plaintiff is now the actual *bona fide* owner of said judgment. 3. No part thereof has been paid. The plaintiff claims $4,000 damages. . . .   Dated at Waterbury this 19th day of October, 1909

| Theodore E. Rogers | Superior Court, |
| *vs.* | New Haven County, |
| Philip E. Hendrick. | Waterbury, October 28, 1909. |

PLEA IN ABATEMENT.

The defendant in the above entitled action pleads in abatement of the plaintiff's writ and complaint because: 1. The plaintiff is an attorney-at-law and an officer of the said Superior Court to which said writ is made returnable; and the facts by him alleged in said writ and complaint disclose an attempt on his part as an attorney-at-law to use the said court to aid his commission of the crime of maintenance punishable under section 1351 of the General Statutes of the State of Connecticut, and to make gain to himself by the purchase of the judgment described therein and bringing suit thereon. 2. The plaintiff is an attorney-at-law and an officer of the said Superior Court; and the facts by him alleged in his said complaint disclose acts on his part as such attorney-at-law contrary to public policy, against equity and good conscience and negativing the only fact therein alleged that would entitle him to bring an action on the judgment therein described, to wit: that he is the equitable and *bona fide* assignee of the same. 3. The plaintiff is an attorney-at-law and an officer of the said Superior Court; and the facts by him alleged in his said complaint disclose (a) that the said Superior

to the plea in abatement, and in rendering judgment for the defendant upon an issue outside of the issues appearing in the pleadings.

Ordinarily a plea in abatement does not go to the merits, but to the form of an action. There are, however, exceptions to this rule, and there are cases in

Court in and for New Haven County had not at the date of his said writ and complaint, and has not now jurisdiction to hear and determine this or any action for the recovery of the judgment therein described as between the original owner of said judgment and the defendant in this action; (b) a purpose through the purchase of an interest in the said judgment on the day of its date, and the bringing thereon this suit on the day following, to speculate in law suits; to thereby make gain to himself; to delay the defendant for lucre, and make improper and illegal use of the said court for his own profit, all of which is a violation of his attorney's oath, and contrary to public policy. Wherefore the defendant prays judgment that the said writ shall abate and the said action be dismissed with costs to the defendant.

PHILIP E. HENDRICK, defendant,
by Charles F. Thayer, his attorney.

(Indorsement.) Filed October 29, 1909. Samuel J. Marsh, Assistant Clerk.

| Theodore E. Rogers | Superior Court, |
|---|---|
| *vs.* | at Waterbury, New Haven County, |
| Philip E. Hendrick. | November 1, 1909. |

### DEMURRER TO PLEA IN ABATEMENT.

The plaintiff demurs to paragraphs one (1), two (2) and all of paragraph three (3) following the letter (b) in the eighth line thereof for the reason that the allegations therein constitute no cause for a plea in abatement because: 1. The facts therein alleged do not disclose that the plaintiff is guilty of maintenance within the meaning of sec. 1351 of the General Statute. 2. It does not appear that the plaintiff purchased and sued upon said judgment for the purpose of gaining fees by collecting it. 3. No facts are alleged which show that, at the time of the commencement of this action, the plaintiff was not in the equitable *bona fide* and beneficial owner of said judgment. 4. It does not appear that at the time of the commencement of this action, the plaintiff's assignor, or any other person had any interest in said judgment. 5. No facts are alleged therein, which disclose that the contract of purchase between the plaintiff and his assignor is against public policy. 6. No

Rogers v. Hendrick.

which the same matter may be reached by plea in abatement, plea in bar, by demurrer, or by an answer of general denial. 1 Swift's Digest, s. p. 606.

facts are alleged therein which show any intention on the part of the plaintiff to speculate in law suits. 7. There are no facts alleged which attack the jurisdiction of this court over the parties to the action, or the cause of action.

The plaintiff demurs to paragraph three (3) (a) of defendant's plea in abatement because: 1. It does not appear that the original owner of the judgment is a party to or has any interest in this action. 2. It does not appear that this court has not jurisdiction over the parties to the action and the cause of action set forth in the plaintiff's complaint. 3. There are no allegations therein informing the plaintiff in what manner he could institute this action. 4. It is not alleged therein what court could properly assume jurisdiction of the parties to the action and the cause of action.

THEODORE E. ROGERS,
by John O'Neill, his attorney.

(Indorsement.) Filed November 2, 1909. S. J. Marsh, Assistant Clerk.

[Memo. made on back of file.] The within demurrer is overruled. The plea in abatement contains sufficient allegations to show that, if they are true, the complaint should be dismissed. Dec. 2, 1909. SHUMWAY, J.

Theodore E. Rogers ⎫ Superior Court,
    vs. ⎬ Waterbury,
          ⎪ New Haven County,
Philip E. Hendrick. ⎭ December 6, 1909.

ANSWER TO PLEA IN ABATEMENT.

The plaintiff admits that he is an attorney-at-law and as such an officer of the Superior Court, but denies all the remaining allegations in the defendant's plea in abatement.

THEODORE E. ROGERS,
by John O'Neill, his attorney.

(Indorsement.) Filed December 6, 1909. Samuel J. Marsh, Assistant Clerk.

Theodore E. Rogers ⎫ Superior Court,
    vs. ⎬ at Waterbury,
Philip E. Hendrick. ⎭ New Haven County.

MEMORANDUM ON PLEA IN ABATEMENT.

I find the issues on the plea in abatement in favor of the defendant and find that the plaintiff was not at the time the action was begun,

Rogers *v.* Hendrick.

Apparently the defendant's purpose was to allege by the plea in abatement that there was no proper party plaintiff in the action, because the nominal plaintiff was not the owner of the judgment upon which the suit was brought. It is to be noticed, however, that to accomplish such purpose, the defendant did not allege as a fact .that the plaintiff as an attorney purchased the judgment in question for the purpose of making a

the owner of the judgment described in the complaint, and judgment is ordered that the writ be abated, and the action dismissed. SHUMWAY, J.

(Indorsement.) Filed January 17, 1910. S. J. Marsh, Ass't Clerk.

At a Superior Court held at Waterbury, in and for New Haven County, on the seventeenth day of January, A. D. 1910.

Present, HON. MILTON A. SHUMWAY, Judge.

Theodore E. Rogers, of Waterbury }  
     *vs.*  
Philip E. Hendrick, of Norwich, in  
 New London County.

New Haven County,  
Superior Court,  
 at Waterbury,  
January 17, 1910.

#### JUDGMENT.

This action, by complaint dated October 19, 1909, claiming $4,000 damages, came to this court on the first Tuesday of November, 1909. On the 29th day of October, 1909, the defendant filed his plea in abatement, as on file; thence the action came to the 2d day of November, 1909, when the plaintiff filed his demurrer to said plea in abatement, as on file; thence the action came to the 2d day of December, 1909, when the parties appeared and were at issue on said demurrer to said plea in abatement, as on file. The court having fully heard the parties on said demurrer finds the issues for the defendant, and overruled said demurrer.

Thence the action came to the 6th day of December, 1909, when the plaintiff filed his answer to said plea in abatement, as on file; and thence the action came to the present time, when the parties appeared and were at issue to the court on said plea in abatement, as on file.

The court, having heard the parties, finds the issues on said plea in abatement in favor of the defendant.

Whereupon it is adjudged that the plaintiff's writ be and the same is hereby abated, that this action be and the same is hereby dismissed; and that the defendant recover of the plaintiff his costs, taxed at fifty-three dollars and fifty cents.

    By the court, Samuel J. Marsh, Assistant Clerk."

gain by bringing a suit thereon, and that he was thereby guilty of the crime of maintenance, nor that he took the assignment of the judgment for the purpose of speculating in a lawsuit, nor that the plaintiff was not in fact the equitable and bona fide owner of the judgment. Had the plea in abatement contained these averments, a demurrer to it, or a traverse of it, would have raised a very different question from that presented by the demurrer to the plea as made.

With the exception of the averment that the plaintiff was an attorney at law, which was admitted by the demurrer and afterward by the answer to the plea, every averment of the plea in abatement is based upon the express averment that the alleged misconduct and improper and illegal purpose of the plaintiff in purchasing the judgment, and the fact that the plaintiff was not the equitable and bona fide owner of the judgment appears from the allegations of the complaint. Therefore, the only issues raised by the demurrer to the plea in abatement, or by the subsequent traverse of it after the demurrer was overruled, were whether from the averments of the complaint in that action, read in connection with the admitted fact that the plaintiff was an attorney at law, it appeared that the plaintiff was guilty of the crime of maintenance, or that he purchased the judgment for the purpose of bringing a suit for the purpose of speculation, or for his own gain, or that he was not a proper party plaintiff since he was not the equitable and bona fide owner of the judgment. As these were the only issues raised, they were, of course, the only issues which could be decided, and they were, therefore, the issues which the judgment-file states were decided in favor of the defendant, and the finding of which formed the basis of the judgment.

The record does not show that the Superior Court ever held, excepting as a legal inference from the aver-

ments of the complaint considered in connection with the admission that the plaintiff was an attorney at law, that the plaintiff was not in fact the equitable and bona fide owner of the judgment at the time the action was commenced.

It seems to be claimed by the defendant that the memorandum of decision, filed after the answer denying the averments of the plea in abatement, shows that the court found as a fact that the plaintiff was not the owner of the judgment. If it had so found, such a finding would have been outside of the issues framed. But while. a mere memorandum of decision may, under certain limitations and to aid an appeal, be resorted to as indicating a conclusion of law controlling the decision (*Cummings* v. *Hartford,* 70 Conn. 115, 124, 38 Atl. 916; *Phœnix Ins. Co.* v. *Carey,* 80 Conn. 426, 433, 69 Atl. 993), it cannot, unless made a part of the record, be treated as a finding of facts. *Phœnix Ins. Co.* v. *Carey, supra.* In the absence of any finding of facts, we can look only to the judgment-file to determine what issues the Superior Court says it decided, and we must look to the issues themselves to determine whether such finding supports the judgment rendered.

The Superior Court erred in holding that because it was admitted by the pleadings that the plaintiff was an attorney at law that it appeared from the averments of the complaint that in taking an assignment of the judgment the plaintiff was either guilty of the crime of maintenance as defined by § 1351 of the General Statutes, or of purchasing the judgment for the purpose of speculating in a lawsuit, or of making gain for himself by the purchase of the judgment and the bringing suit thereon in his own name, or that it appeared from such averments that the plaintiff as such attorney was not an equitable and bona fide owner of the judgment, and that he was therefore not a proper party plaintiff.

The laws regarding champerty and maintenance, in so far as such offenses exist in this State, are somewhat modified by statute. *Richardson* v. *Rowland,* 40 Conn. 565.

Section 1351 of the General Statutes provides that "every attorney, sheriff, deputy sheriff, or constable, who shall, with intent to make gain by the fees of collection, purchase and sue upon any choses in action, shall be fined not more than one hundred dollars."

The averments of the complaint in the action upon the judgment are not susceptible of the construction placed upon them by the Superior Court as to the unlawful or improper conduct of the plaintiff in purchasing the judgment and bringing an action upon it in his own name, unless our law absolutely forbids an attorney from purchasing a judgment and bringing an action upon it in his own name.

As this was a transfer of a judgment against the defendant, the validity of which judgment does not appear to have been open to question, the plaintiff may very reasonably have believed that his assignor's right to the amount of the judgment could no longer be contested, and that there would be no occasion for bringing a suit upon it. The purchase of a judgment is not the purchase of a litigious claim. *McMicken* v. *Perin,* 18 How. (U. S.) 507; *Schaferman* v. *O'Brien,* 28 Md. 565.

There is no suggestion in the averments of the complaint in the action in the Superior Court that the assignment was taken by the plaintiff for the purpose of making gain for himself by the fees of collection. That it appears from the averments of the complaint that the plaintiff, though an attorney, had any such unlawful purpose, or that he was not a lawful party plaintiff, can hardly be said of this complaint, which expressly alleges that the plaintiff is the actual bona fide owner of the judgment sued upon, and in which the alleged time

and manner of acquiring title thereto describe a valid assignment, unless, as we have said, it be the law that an attorney cannot purchase a judgment and bring, or cause to be brought, an action upon it in his own name, or unless there arises a presumption that an attorney who purchases such a judgment and, the day after such purchase, causes an action to be brought upon it in his own name, has violated the statute against maintenance, or a presumption that he is not the actual and bona fide owner of the judgment sued upon.

There is no such presumption. Section 631 of the General Statutes gives the right to the assignee and equitable and bona fide owner of any chose in action, not negotiable, to "sue thereon in his own name," alleging in his complaint that he is "the actual, *bona fide* owner thereof," and "when and how he acquired title thereto." The complaint alleges an assignment for value, and contains the other averments required by statute. The statute makes no exception in case the assignee is an attorney at law. This statute gives the assignee, although he may be an attorney at law, the right to bring an action in his own name, containing the required averments, upon a judgment, an assignment of which he has taken for value and in good faith, unless the bringing by him of such an action is forbidden by some other law.

There is no such law in this State. An attorney at law, acting in good faith and not for the purpose of exciting or maintaining litigation, or making gain by the fees of collection, or for the purpose of giving jurisdiction to certain courts, or for any other unlawful purpose, may purchase a judgment for value and bring a suit upon it in his own name without violating the law regarding barratry, champerty, or maintenance, or any rule of public policy, or the provisions of § 631 above quoted.

"It is now the well-nigh universally accepted doctrine that the *bona fide* purchaser or assignee of a mere right of action is not guilty of champerty or maintenance; nor will the fact that it may become necessary for the assignee to institute legal proceedings to protect the thing assigned from unjust claims brought against it invest the transaction with the character of maintenance." 6 Cyc. 855. It does not appear that the assignor was the plaintiff's client.

It must be assumed from the averments of the complaint to which the plea in abatement was filed, that the plaintiff purchased the judgment and gave value for it. It does not appear from the complaint that the assignor is to receive any part of the judgment when collected, nor that he retains any interest whatever in it. It is consistent with the averments of said complaint that the plaintiff in good faith received the assignment of the judgment as the only method of obtaining satisfaction of a debt due him from the assignor, and with no thought of making any gain or profit by the transaction.

If the defendant had desired to claim that the action in the Superior Court was not properly brought in the plaintiff's name because he was not a bona fide assignee, he should either have alleged in his plea in abatement, as facts, that the assignment was taken by the plaintiff for the claimed unlawful purposes, or that under the contract of assignment the plaintiff, for reasons set forth in the plea, was not the equitable and bona fide owner of the judgment, or should have denied the averments of the complaint respecting the plaintiff's actual good-faith ownership of the judgment, or the alleged manner in which he acquired title to it, instead of alleging, as he did, that such facts were disclosed by the averments of the complaint.

The Superior Court erred in holding that the plea in

abatement was sufficient, and that it appeared from the allegations of the complaint that the plaintiff was not the lawful·owner of the judgment sued upon, and in dismissing the action upon those grounds.

There is error, the judgment of the Superior Court is reversed, and the case remanded to said court to be proceeded with to final judgment according to law.

In this opinion the other judges concurred.