### MADELINA MUSIAL
vs.
### STATE OF CONNECTICUT

Superior Court New Haven County Sile #46433

Present: Hon. JOHN RUFUS BOOTH, Judge.

Joseph Shelnitz, Attorney for the Plaintiff.

Watrous, Hewitt, Gumbart

& Corbin; Charles Watrous, Attorneys for the Defendant.

**MEMORANDUM FILED MARCH 6, 1935.**

BOOTH (JOHN RUFUS), J. Section 5988 of the General Statutes reads as follows:

"Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for

such injury."

The above entitled action is based upon this statute and the complaint as filed sets forth all the elements necessary to a complete cause of action thereunder. In the plea in abatement, however, it is alleged in substance that the alleged operator of the alleged motor vehicle at the alleged time was not an employee of the State Highway Department of the State of Connecticut. The question which this plea raises is whether such operator was in fact such employee. If the facts are as the defendant contends, the right of the plaintiff to ever proceed against the defendant would not exist. The question thus involves the merits of the whole dispute between the parties, a determination of which in favor of the defendant would leave the plaintiff without an opportunity to try his case upon the merits as provided by Section 5537 of the General Statutes, and would be allowing a defense other than to the jurisdiction or in abatement to be set up in violation of the provisions of Section 5506 of the General Statutes which concludes:

"All defenses, other than those to the jurisdiction or in abatement, shall be made by an answer or by a demurrer."

It would seem that the effect of the statutes referred to is to limit whatever latitude may have existed prior to their passage, thus therefore permitting only matters addressed to the jurisdiction of the Court in its fundamental aspect or matters defeating the particular action, to be pleaded dilatorily under the provisions of Section 5506 of the General Statutes. Section 5538 of the General Statutes providing for amendments upon the determination of a plea in abatement supports this construction. It is true that in Rogers vs. Hendricks, 85 Conn. 260 at 270 there is language which would indicate the court had approved of the possibility of pleading the same matter in abatement and in bar. However, the precise point therein decided was rather that certain matter which was strictly in abatement could at a subsequent stage of the pleadings be set up in bar, depending of course upon the particular ground of abatement. But no authority has come to the attention of the Court where a matter of strictly in bar of the action has been approved as proper in a dilatory plea, at least in Connecticut.

For the foregoing reasons upon the testimony taken at the hearing on this plea no determination is made. The plea is overruled without prejudice to the defendant to set up the same matter if it sees fit by way of a pleading in bar.