EDITH M. NORTHROP v. TOWN OF CLINTON ET AL

SUPERIOR COURT          MIDDLESEX COUNTY          FILE NO. 9245

Memorandum filed May 13, 1946.

Robinson, Robinson and Cole, of Hartford, for the Plaintiff.
Day, Berry and Howard, of Hartford, for the Defendants.

CORNELL, J. The cause of action alleged in the substituted complaint, as amended, is a conspiracy "to deprive plaintiff of her position in the Clinton Grammar School and of her livelihood as a teacher in the public schools of Connecticut by forcing her resignation, making it impossible for her to perform her contract or by bringing about her dismissal on unwarranted charges of incompetence and misconduct." The defendants, alleged conspirators, are the board of education of Clinton, certain named members of said board of education of the town Clinton and the rural superintendent of schools of said town. To the allegations of the complaint, a special defense is filed, reading as follows: "At all times and in all transactions in which said town and board participated as stated in said complaint, and for a long time prior thereto and ever since, the town of Clinton and the school board thereof have maintained, conducted and operated said school or schools pursuant to and under the laws of the state of Connecticut solely for public benefit and not for municipal, corporate or school profit and all in performance of governmental duties." This is signed in behalf of all of the defendants but, as it can apply only to the town of Clinton and the Clinton board of education, will be considered as to these two defendants only. As respects the town of Clinton there is no allegation that it participated in the alleged conspiracy by way of any resolution or vote of a town meeting or any act pursuant thereto or on their own initiative by any of its officers or agents or that any overt act was performed by the town in furtherance of the confederacy described in the substituted complaint as amended. Its liability is apparently sought to be predicated on the principle that where a board . . . . "is established to execute certain powers vested in the city . . . . the municipal corporation is responsible for the acts of the commissioners within the scope of their authority." *Platt Bros. & Co.* v. *Waterbury,* 72 Conn. 531, 546, 77 Am. St. Rep. 335, 48 L. R. A. 691. However, "in the maintenance and management of public schools the board of education of a town is the agent, not of the town ,but of the state . . . ." *New Haven* v. *Torrington,* 132 Conn. 194, 202; *Board of Education of Stamford* v. *Board of Finance,* 127 Conn. 345, 349; *Groton & Stonington Traction Co.* v. *Groton,* 115 Conn. 151, 155; *McDonnell* v. *New Haven,* 99 Conn. 484, 488; *Lucier* v. *Norfolk,* 99 Conn. 686, 695; *State ex rel. Huntington* v. *Huntington School Committee,* 82 Conn. 563, 566; *Newton* v. *Hamden,* 79 Conn. 237, 240. Among the duties

imposed upon boards of education and school committees is that of employing and dismissing teachers in the schools under their control. General Statutes, Cum. Sup. 1943, § 240g; *Newton* v. *Hamden,* supra. Such acts relate to the administration of the schools; their performance is an integral part of the duties imposed by the state. Since the defendant town possessed no powers or authority touching the matter of hiring, retention or dismissal of school teachers in its public schools, it follows, perforce, that no act of the board of education or any or all of the members thereof concerning plaintiff as a teacher in its schools could impose liability upon the town. Obviously the rural superintendent of schools was the agent of the state and not of the town.

The special defense, however, does not invoke the foregoing principles in behalf of the town but another, namely governmental immunity. This presupposes the commission of a wrong by a body or agency from the legal liability to answer in damages for which it is protected because the injury resulted from conduct engaged in while in the performance of a duty imposed upon or delegated to it for the benefit of the general public as distinguished from its own private gain or advantage. *Hannon* v. *Waterbury,* 106 Conn. 13, 16, 57 A. L. R. 402. To the application of this doctrine an actionable wrong is a prerequisite. It is not invocable here because, as noted supra, there is no allegation of direct participation in the alleged conspiracy and none can be imputed to the town from the conduct of the board of education.

As concerns the defendant board of education, it was, as noted supra, in the performance of a function of the state for and in behalf of the state when the alleged tort was committed. Under such circumstances, it could be liable for malfeasance or misfeasance only if made so by statute, as in the familiar instance of the delegation of the duty to towns to maintain the public highways within their limits. *Riccio* v. *Plainville,* 106 Conn. 61, 64. There is no such statute applicable to boards of education in respect to torts of the character alleged in the complaint. As to whether a municipal corporation or board may be held liable for conspiracy when acting in connection with official business, see McQuillin, Municipal Corporations (2d Ed. Rev.), p. 1027, § 2783, and case cited in footnote: *Wallace* v. *Norman,* 9 Okla. 339, 346, 48 L. R. A. 620.

Plaintiff's demurrer to the special defense is overruled insofar as it attacks the availability of the special defense to the Clinton board of education; it is sustained for the reasons noted insofar as it applies to defendant town of Clinton.