SALVATORE GUGLIELMINO v. PAULINE GUGLIELMINO

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 86099-J

Memorandum filed March 21, 1950.

Thomas F. McDonough, of Hartford, for the Plaintiff.
Gross, Hyde & Williams, of Hartford, for the Defendant.

ALCORN, J.   In this action for a divorce, the complaint contains an allegation that the plaintiff has resided continuously in this State three years next before the date of the complaint. The defendant has filed a plea to the jurisdiction stating as reasons, in substance, that neither party is or ever has been a resident of Connecticut.   Upon this plea the plaintiff has joined issue by an answer.

The defendant argues the broad proposition that the issue of jurisdiction may be raised at any stage of the proceeding, but neither party has explored or cited any authority upon the question involved as to whether or not matter in bar of the action should be entertained in a dilatory plea.

A divorce action is, in this state, a creature of statute.   *German* v. *German*, 122 Conn. 155, 160; *Steele* v. *Steele*, 35 Conn. 48, 54.   The General Assembly has specified what residence is necessary to give jurisdiction; General Statutes § 7334; and, on proof of the allegations, the court may grant a decree. § 7328. This complaint is in the usual form, and one of the elements of the plaintiff's cause of action which he must prove upon any trial upon the merits is the allegation as to residence.   If that question is determined upon this plea, however, the right of the plaintiff to try his case upon the merits is denied him.

Section 7846 provides in part: "Upon the trial of any issue of fact joined upon a plea in abatement in a civil action, the verdict or finding of the court shall not preclude the parties from contesting the cause upon its merits."   The defendant intends by this plea, however, to preclude the plaintiff from just such a contest.   Pleas such as this are not favored; *Mitchell* v. *Smith,* 74 Conn. 125, 126; and the defendant will have ample protection in the opportunity afforded her to defend upon the issue in a trial on the merits.

As in *Musial* v. *State*, 1 Conn. Sup. 59, 60, no authority is suggested wherein matter strictly in bar of the action has been approved as a proper subject for a dilatory plea in this State. However, as therein suggested, matter of abatement may, at a subsequent stage of the pleadings, be set up in bar.   *Rogers* v. *Hendrick,* 85 Conn. 260, 270.

For the reasons indicated, therefore, the question of residence is not decided upon the evidence offered, but the plea to the jurisdiction is overruled without prejudice to the defendant's right to plead its subject matter in bar.