EUGENE SESTERO ET AL. *v.* TOWN OF GLASTONBURY ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 98546

Memorandum filed July 26, 1954.

*Crosky & Werner,* of Hartford, for the plaintiffs.

*Francis J. McCarthy,* of Hartford, for the defendants and specially for the defendant Loke.

HOUSE, J. In this action the plaintiff seeks damages against the town of Glastonbury, the board of education of the town of Glastonbury, and a teacher employed in the Glastonbury schools. The plaintiff, a pupil in a Glastonbury elementary school, claims to have sustained injuries during a school recess as the result of a push by classmates which caused him to fall on the school playground. The defendant town pleaded in abatement that in the maintenance and management of public schools the town board of education is the agent of the state and not of the town. The defendant board of education has demurred to the complaint because in the maintenance and management of the public schools it is a public quasi corporation acting in the course of governmental or public duty and therefore immune or relieved thereby from liability for the harm alleged in the complaint.

The authorities cited by the defendant town of Glastonbury regarding the respective legal positions of towns and boards of education and the status of boards of education as agencies of the state and not of the towns in the maintenance and management of public schools would appear to support the legal position taken by the defendant town of Glastonbury. *Fowler* v. *Enfield,* 138 Conn. 521; *State ex rel. Board of Education* v. *D'Aulisa,* 133 Conn. 414; *Board of Education of Stamford* v. *Board of Finance,* 127 Conn. 345; *State ex rel. Huntington* v. *Huntington School Committee,* 82 Conn. 563; *State ex rel. Herman* v. *Walker,* 16 Conn. Sup. 335; *North-*

*rop* v. *Clinton,* 14 Conn. Sup. 115; see also General Statutes §§ 1479, 1497, 1507, 1536; Cum. Sup. 1953, § 780c. However, the defense of the defendant town is a matter in bar rather than in abatement of this action. "Pleas in abatement, are not to the merits, but to the form of the action: they admit, or suppose, that the plaintiff has good cause of action, but deny that the suit in question is brought in proper form: they defeat the present proceeding, but do not shew that the plaintiff is thereby, forever concluded from bringing an action." 1 Swift's Digest 606.

The plea of the defendant town is wholly outside the scope of grounds of abatement. *Charter Oak Council, Inc.* v. *New Hartford,* 2 Conn. Sup. 3; *Musial* v. *State,* 1 Conn. Sup. 59. Matter in bar of an action may not be entertained in a dilatory plea in abatement. *Guglielmino* v. *Guglielmino,* 16 Conn. Sup. 442; *Cicarelli* v. *Lipshetz,* 7 Conn. Sup. 508.

Section 7846 of the General Statutes expressly provides, in part, "Upon the trial of any issue of fact joined upon a plea in abatement in a civil action, the verdict or finding of the court shall not preclude the parties from contesting the cause upon its merits." "[T]he defendant will have ample protection in the opportunity afforded . . . to defend upon the issue in a trial on the merits." *Guglielmino* v. *Guglielmino,* supra, 443.

For these reasons the validity and effect of the matter raised in the plea in abatement is not decided, and the plea in abatement is overruled without prejudice to the defendant's right to plead its subject matter in bar.

The demurrer of the defendant board of education is based upon the defense of governmental immunity which attaches to the performance by a municipality or public body of a public duty for the public benefit

and not for its own corporate profit. *Carta v. Norwalk,* 108 Conn. 697; *Hannon v. Waterbury,* 106 Conn. 13; *Hoffman v. Bristol,* 113 Conn. 386; *Lambert v. New Haven,* 129 Conn. 647; *Northrop v. Clinton,* 14 Conn. Sup. 115.

The defense of governmental immunity, however, does not avail against a cause of action founded on a nuisance created by a governmental body by positive act. *Brainard v. Westbrook,* 15 Conn. Sup. 254; *Trzaska v. Hartford,* 12 Conn. Sup. 301; *Hoffman v. Bristol,* 113 Conn. 386; *Warren v. Bridgeport,* 129 Conn. 355; *Beckwith v. Stratford,* 129 Conn. 506; *Karnasiewicz v. New Britain,* 131 Conn. 691, 694.

The allegations of a pleading attacked by a demurrer must be tested by the facts provable under them. They will be given the same favorable construction that a trier might deem itself required to give in admitting evidence under them to prove the facts asserted. *McNish v. American Brass Co.,* 139 Conn. 44, 48; *Rutt v. Roche,* 138 Conn. 605, 609.

The complaint to which the demurrer has been filed is in one count which sets out numerous ways in which it is alleged that the defendant was negligent. "A nuisance may have its origin in negligence. *Swift & Co. v. Peoples Coal & Oil Co.,* 121 Conn. 579, 588. . . . It is not always easy to determine when the nuisance as distinguished from the negligence arises." *Bush v. Norwalk,* 122 Conn. 426, 428. While the pleader has avoided the use of the word "nuisance" in the complaint, it does appear that the allegations of the complaint are sufficiently broad to set forth, in addition to allegations of ordinary negligence, the essentials of a claim of nuisance under the definition in *Warren v. Bridgeport,* 129 Conn. 355, 359; see also *Brainard v. Westbrook,* 15 Conn. Sup. 254. In addition to the allegations of failure to act, it is alleged that the condition or situation complained of was created by the positive

act of the defendant and "increased greatly the probability of injury or harm," creating a hazardous and dangerous condition. While it is true that most of the allegations of the complaint allege a failure on the part of the defendant to take some action, positive acts of negligence on the part of the defendant in creating and maintaining the alleged hazardous and dangerous conditions are alleged and since the defense of governmental immunity does not avail as against a cause of action founded on a nuisance created by positive act, the demurrer is overruled.