ANTHONY F. CONTE *v.* TOWN OF WESTON

COURT OF COMMON PLEAS   FAIRFIELD COUNTY   FILE No. 86132
AT BRIDGEPORT

Memorandum filed June 16, 1965

*Slavitt & Connery,* of Norwalk, for the plaintiff.

*Bernard Glazer,* of Stamford, specially for the defendant.

GRILLO, J. This is an action for a balance payment claimed by the plaintiff under a contract executed by the plaintiff and the defendant. The defendant has filed a plea in abatement to the effect that under the provisions of the contract all claims and disputes shall be submitted to arbitration and the decision of the arbitrators is expressly made a condition precedent to any right of legal action that either party may have against the other. The defendant avers that, no decision by the arbitrators having been made, the court is without jurisdiction to entertain the suit. The plaintiff has demurred to the plea in abatement, alleging that (a) the plea in abatement does not state how the plaintiff might have avoided the alleged defects or how the plaintiff should have brought his action; (b) the arbitration agreement should be pleaded as a special defense; and (c) the plea in abatement is improper in that the defendant should proceed under § 52-409 of the General Statutes for a stay of proceedings when arbitration is claimed.

Section 52-91 of the General Statutes requires the plea in abatement to set forth the causes of abatement and how the plaintiff should have brought his action to avoid them. The plea in abatement specifies that there has been no decision by arbitrators, an alleged condition precedent to "any" right

of action by either party. This sufficiently apprises the plaintiff as to defect and how he should proceed to eliminate the cause of abatement. Furthermore, "[i]n most cases it will be obvious from a statement of the defect how the plaintiff might have avoided it." Stephenson, Conn. Civ. Proc. § 79 (c), p. 163 (1959).

With reference to the claim of the plaintiff that the defendant should have raised the issue by way of a special defense, if the contract provides that the decision of the arbitrators shall be obtained prior to an action on the contract, no action can be brought on the contract. 6 C.J.S., Arbitration and Award, § 29. "[I]f a party's right to bring suit is validly conditioned on an award of arbitrators or appraisers . . . , the courts will not take jurisdiction of his suit until he has complied with the condition precedent . . . ." 5 Am. Jur. 2d 573, Arbitration and Award, § 72; id. § 20. "Failure on the plaintiff's part to perform this duty will bar an action . . . ." *Bernhard* v. *Rochester German Ins. Co.,* 79 Conn. 388, 395. The plaintiff refers to § 120 of the Practice Book with regard to special defenses and the inclusion of "arbitration and award" among the defenses listed therein. Suffice it to say, the defendant is not "defending" this action on the basis of an award and arbitration. It is obviously claiming no jurisdiction because there has been no award by way of arbitration. While the defendant could have resorted to the pleading the plaintiff suggests, it was not incumbent on it so to do. *Rogers* v. *Hendrick,* 85 Conn. 260, 264. One authority goes further to state: "When an action requires the performance of some condition precedent which need not be alleged in the complaint, the failure of the condition can be shown *only* under a plea in abatement." (Italics supplied.) Stephenson, op. cit. § 77 (a) (Sup. 1963).

Finally, relative to the plaintiff's contention that the defendant should proceed under § 52-409 of the General Statutes for a stay of the instant action, as the defendant quite properly points out, it is not seeking arbitration or a stay but maintains solely that the court cannot consider this action on a jurisdictional basis, the condition precedent not being fulfilled. Arbitration is intended to avoid the formalities, delay, expense, and vexation of ordinary litigation. *Gores* v. *Rosenthal,* 150 Conn. 554, 557. To pursue the method claimed to be necessary by the plaintiff, i.e. moving for a stay of proceedings, would merely plunge the defendant deeper into the sea of litigation, thus causing it the very inconvenience it sought to avoid by arbitration. A resort to that procedure is not mandatory.

Plaintiff's demurrer is overruled.