DANIEL O'CONNELL AND ANOTHER *vs.* HOBART L. HOTCHKISS.

The same exactness that is required in making up a record of a judgment in the higher courts can not reasonably be required in the case of judgments rendered by justices of the peace.

A record of a judgment of a justice of the peace, endorsed on the writ, stated the names of the parties, their appearance, the time of holding the court, an adjournment to a certain day and hour, that the court then sat and the plaintiff appeared, that the defendant being publicly called made default of appearance, and that the court then rendered judgment for the plaintiff for a certain sum, and adjourned. It was then signed by the justice in his official capacity. Held to be sufficient, though it did not state the place where the court was holden, nor that the magistrate signing it was the justice holding the court, except so far as that fact was to be inferred from the signature.

As a justice of the peace has no clerk, his official attesting signature at the end of such a record is equivalent to a declaration at the opening that it is the court of a justice of the peace, and that the signer is the magistrate who holds it.

It will be presumed in favor of such a court that it sat in a legal place, where there is nothing to indicate the contrary.

A justice's attestation to a copy of his record is legally equivalent to an attestation by a clerk of a higher court to a copy of a record of such court, with the seal affixed, and the certificate of the judge of the genuineness of the seal and signature.

SCIRE FACIAS, against the defendant as a garnishee; brought before a justice of the peace, and appealed by the plaintiffs to the Court of Common Pleas of New Haven County, and tried in that court on the general issue, closed to the court, before *Peck, J.* Judgment rendered for the defendant and motion for a new trial by the plaintiffs. The case is fully stated in the opinion.

*H. F. Hall,* in support of the motion.

*H. Stoddard,* contra.

PARDEE, J. The plaintiffs brought their action of assumpsit by writ of attachment dated and served on the 22d day of June, 1874, returnable before John L. Ives, Esq., a justice of the peace for the county of New Haven, at the court-room in the town of Wallingford, on the 15th day of July, 1874, at 10 o'clock A. M., against Sanford A. Briggs, in which was

incorporated the factorizing process, naming the defendant as garnishee. On the 8th day of September, 1875, the plaintiffs brought their writ of *scire facias* returnable before the said Ives as justice of the peace at his office in Wallingford on the 29th day of September, 1875, against the defendant. Judgment was rendered in this case for the defendant, and the plaintiffs took an appeal to the Court of Common Pleas. Upon the trial before that court, for the purpose of proving the allegation in their declaration that a judgment had been rendered in their suit against Briggs, the plaintiffs offered in evidence a writing in words and figures following:

" *O' Connell Bros.* v. *Sanford A. Briggs.*

"July 15th, 1874. Case called, and continued to October 20th, 1874.—October 20th, 1874. Plaintiffs and defendant appeared in court. Garnishee did not appear in court, when the attorney for the defendant, Sanford A. Briggs, pleaded in abatement. Plea overruled, and continuance agreed upon by counsel for plaintiffs and defendant until October 31st, 1874, 4 h. P. M.—October 31st, 4 h. P. M. A full hour's time was given, and appearance by plaintiffs. No appearance by defendant, and no appearance or disclosure by garnishee. Defendant and garnishee three times publicly called, made no appearance, and judgment was rendered by default, that the plaintiffs recover the amount of the within described note ($40.28,) and interest ($1.23), and their costs, taxed at $9.58, and that execution issue therefor. Judgment rendered against the garnishee, of the goods and effects in his hands. Court adjourned. Attest:

JOHN L. IVES, *Justice of the Peace.*

"State of Connecticut, County of New Haven, ss. Wallingford, February 3d, 1876. *O' Connell Bros.* v. *Sanford A. Briggs.* I hereby certify that the within and foregoing is a true copy of the files and records of court in my hands, and my doings thereon indorsed. Attest:

JOHN L. IVES, *Justice of the Peace.*"

No evidence was offered to prove the signature or handwriting of John L. Ives, and there was no evidence to prove that the writing was what it purported to be, unless the writ-

ing proves itself. The defendant objected to the admission of the paper, and the court ruled it inadmissible for the purpose offered, to which ruling the plaintiffs take exception.

In *Davidson* v. *Murphy*, 13 Conn., 217, the court said: "A record in judicial proceedings is a precise history of the suit from its commencement to its termination, including the conclusion of law thereon, drawn up by the proper officer, for the purpose of perpetuating the exact state of facts; or, in the language of Lord Coke, 'records are memorials or remembrances in rolls of parchment of the proceedings and acts of a court of justice which hath power to hold plea according to the course of the common law' and are of 'such incontroulable credit and verity as that they admit no averment, plea or proof to the contrary; and if such record be alleged, and it be pleaded that there is no such record, it shall be tried only by itself.'" Herein is a statement of the office of a record; the precise form which it shall be made to assume is of course left undetermined. In practice we have the full, exact and orderly history of a cause written by clerks of superior courts, of long experience, in accordance with ancient precedents, and preserved in a long series of volumes; and we have the narrative necessarily made for himself by the justice of the peace, who may be briefly in office, unlearned in forms, and of little skill in framing them. While we demand from this latter all necessary statements, we shall, in view of the circumstances under which he is usually called to the discharge of the duties of his office, overlook some informalities in setting them forth. Upon inspection of the record offered we find that, one particular excepted, it meets the strict requirements of this court in the case referred to; and of HOSMER, C. J., in *Wales* v. *Smith*, cited in a note to that case. It is made upon the original writ and opens with a statement of the names of the parties whose cause is to be determined. As a justice of the peace has no clerk, his official attesting signature at the end is equivalent to a declaration at the opening that it is the court of a justice, and that the signer is the magistrate who holds it. It states the time of holding the court; the appearance of the parties; the adjournment to a

day certain; the appearance of both parties upon that day; that a plea in abatement was overruled; that by the agreement of both parties there was a second adjournment to a day and hour certain; that the court then sat, the plaintiffs being present; that the defendant Briggs and the garnishee made default of appearance after having been three times publicly called; that the court then rendered a judgment against Briggs upon default for $40.28 principal of debt, $1.23 interest, and $9.58 costs, ordered execution to issue therefor, and adjourned. The court then gave his official attestation to the whole. Judge HOSMER required of a record that it should state the *time* when the cause was defaulted; the *court;* that the defendant *was called and failed to appear;* and the conclusion of law, that is, the *judgment.* All these we have in the writing offered. He required in addition the *place* where the court sat; but this loses its importance in the present case, inasmuch as the judgment was rendered at a continuance agreed upon by the parties, which includes place as well as time; and we have a right to presume in favor of the court a session in a legal place. The history is full, and proceeds step by step, in due order of events, from the return day to the legal conclusion. We can mark every step in the progress of the court unless we wilfully close our eyes. Having all the legal requisites, coupled with the official declaration of the magistrate that he made it, and allowed it to stand as a record, and that it is a record with his formal attestation and not a mere memorandum, we find no occasion for saying that it is not a sufficient record.

A justice of the peace is his own clerk, and he has no seal; his attestation as magistrate establishes his act as clerk. His official attestation placed upon a copy of a record made by himself is legally equivalent to the attestation placed upon a copy of a record of a judgment rendered by the Superior Court by the clerk thereof, with its seal affixed, and the certificate of the judge to the genuineness of the seal and of the clerk's signature. There is no source from whence additional strength is to be derived.

There should be a new trial.

In this opinion the other judges concurred; except CAR-
PENTER, J., who dissented.