JOHN BANACH ET AL. *vs.* JOHN BOHINSKI ET AL.

Third Judicial District, Bridgeport, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

A party cannot allege one cause of action and recover upon another. Accordingly, under a complaint for negligent injury to personal property, a recovery cannot be had upon the theory of conversion.

A conveyance by a defendant to his wife of his real estate is not admissible in evidence merely to show his consciousness of liability in damages to the plaintiff, where it was made nine months after the cause of action arose, and after the commencement of suit, and where there is no basis, either in the deed or the surrounding circumstances, for an inference that it was prompted by a desire to escape responsibility.

In view of the duties of city, police and justice courts and the circumstances under which they are discharged, informalities in their records may be overlooked when they relate merely to nonessential details; but when such irregularities extend to the necessary ingredients of the record—such as the omission in the present case of the signature of either judge or clerk to a memorandum of conviction—it is thereby rendered valueless as evidence in another court, nor can the defect be obviated by the testimony of the clerk.

If the jury is warned, at the time, to disregard improper questions carrying an intimation that the plaintiff was protected against loss by insurance, the failure of the trial court to repeat the admonition in its charge to the jury is not, in the absence of a request to that effect, erroneous.

Argued October 28th—decided December 12th, 1927.

ACTION to recover damages for the burning of the plaintiff's house, alleged to have been caused by the

negligence of the defendants, brought to the Superior Court in New Haven County and tried to the jury before *Nickerson, J.:* verdict and judgment for the defendants, and appeal by the plaintiffs. *No error.*

*Lewis J. Somers,* for the appellants (plaintiffs).

*William L. Hadden* and *Ellsworth B. Foote,* with whom, on the brief, was *David E. FitzGerald,* for the appellees (defendants).

HINMAN, J. The plaintiffs alleged and offered evidence to prove that, through the negligence of the defendants, who were employed by the plaintiffs to remove the old shingles from and reshingle a portion of the roof of the plaintiffs' house, the old shingles, after being removed, were ignited and the fire communicated to the house, which was destroyed together with its contents, as were certain ladders owned by the plaintiffs and which they claimed the defendants used in gaining access to the roof. The plaintiffs assign as error the refusal of the court to include in the charge an instruction that they were entitled to recover for the conversion of these ladders. The complaint, however, rested upon alleged negligence; no issue of conversion was presented or fairly suggested by the pleadings, and the loss or injury to the ladders as an element of damage for negligence was adequately included in the charge. The plaintiffs have no ground for complaint; they could not allege one cause of action and recover on another. *Berman* v. *Kling,* 81 Conn. 403, 71 Atl. 507.

During the cross-examination of defendant Bohinski the plaintiffs sought to have identified and to introduce in evidence a deed dated January 14th, 1927, from Bohinski to his wife, the offer being made as indicating a consciousness, on the part of this defendant,

of liability for damages in this action. In the few civil cases in which such conveyances have been admitted for this purpose, the transfer was made at a time in such close proximity to the occurrence upon which the claim of liability was based that, in view of its character and the surrounding circumstances, an inference that it was prompted by apprehended liability might reasonably be drawn therefrom. *Chaufty* v. *DeVries,* 41 R. I. 1, 102 Atl. 612; *Heneky* v. *Smith,* 10 Ore. 349; *Harrod* v. *Bisson,* 48 Ind. App. 549, 93 N. E. 1093; 1 Wigmore on Evidence (2d Ed.) § 282 and cases cited. Here the deed was given nine months after the fire in question and the commencement of this action, and its exclusion, because of such remoteness, was within the discretion of the court. *State* v. *Wade,* 96 Conn. 238, 248, 113 Atl. 458. Moreover, neither the deed itself, nor other circumstances disclosed by the record, afford legitimate inference that it was prompted by any consciousness of liability. It was, therefore, properly excluded.

For the purpose of affecting the credibility of the defendant Bohinski, the plaintiffs offered two papers purporting to be records of the City Court of Meriden and claimed to show conviction of crime of such a nature as to be admissible for this purpose. The documents were excluded on the ground that, because of incompleteness and lack of authentication, they did not constitute admissible records. The alleged records, which are made part of the appeal record, appear to be original complaints and warrants, but contain no record or statement of the disposition of the cases except informal and fragmentary notes or memoranda written on the face of the file and unsigned by either the judge or the clerk of the court. While in the case of city and police courts, as well as justices of the peace, in view of the nature of their duties and the

circumstances under which they are discharged, some informalities in nonessential details of their records may well be overlooked, yet, in order to be admissible in evidence, a record must contain the necessary ingredients, at least informally. *O'Connell* v. *Hotchkiss Co.,* 44 Conn. 51. It also must be authenticated by the signature of the judge or the clerk, as the case may be. A mere unsigned memorandum, such as was here offered, does not constitute an admissible record, and its defects could not be obviated by the testimony of the clerk. *Waterbury Lumber & Coal Co.* v. *Hinckley,* 75 Conn. 187, 52 Atl. 739; *Brown* v. *Cray,* 88 Conn. 141, 89 Atl. 1123; *Davidson* v. *Murphy,* 13 Conn. 213. Criminal and civil judgments of which no record is made other than that here disclosed are valueless as evidence in another court. Neither the nature of the duties of a court, nor the circumstances under which they are performed, excuses a practice which may involve such disastrous consequences to the cause of justice. For example, it may invite habeas corpus at the instance of one confined upon a mittimus issued under authority of such an unrecorded judgment, or recovery on a civil judgment may be defeated through inability to prove its existence. Judges of all courts should see that an adequate record is kept of the judgments rendered by such courts.

During the trial, questions were twice asked by defendants' counsel from which an intimation might be drawn that the plaintiffs carried fire insurance on the burned property. Objections thereto were sustained, and in each instance the court at once instructed the jury that the question of insurance had no bearing on the case and the mention thereof should be disregarded. That the same admonition was not repeated in the charge, although no request to that effect was made,

affords the appellants no ground for complaint. *Pelton v. Goldberg,* 81 Conn. 280, 281, 70 Atl. 1020.
There is no error.

In this opinion the other judges concurred.