THE STATE OF CONNECTICUT *vs.* MAE LINDSAY.

Third Judicial District, Bridgeport, April Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued April 10th—decided May 21st, 1929.

*William A. Bree* and *Samuel M. Silver,* for the appellant (the accused).

*Edwin S. Pickett,* Prosecuting Attorney, for the appellee (the State).

MALTBIE, J.   On October 17th, 1928, in the Criminal Court of Common Pleas for the county of New Haven,

the defendant was convicted of the offense of operating a motor vehicle while under the influence of intoxicating liquor.  Thereupon, in order to invoke the greater penalty provided for second offenders, the Prosecuting Attorney filed against her a further information, stating that previously, on June 21st, 1927, she had been convicted of a similar offense in the City Court of New Haven.  In proof of this charge he offered in evidence a judgment-file of the City Court signed by Joseph Weiner, Assistant Clerk, and also the original complaint and warrant in the action, upon which was noted the fact that a plea of *nollo contendere* had been entered and a sentence imposed but which did not bear the signature of the judge or clerk.  The defendant objected to the admission of both documents. Joseph Weiner, then called as a witness, testified that the judgment-file had been prepared by him on the day before from memoranda and notations on the back of the original file and the entries in the original docket of the court, all unsigned, but the latter in the handwriting of the clerk of the court.  Thereupon the documents were admitted in evidence against the objection of the defendant.

The judgment-file sets forth that on June 21st, 1927, the defendant was convicted of the crime of operating a motor vehicle while under the influence of intoxicating liquor and was then sentenced.  It appears from its recitals that the execution of the sentence was later suspended and in drawing the judgment-file the date of that suspension was treated as the date of the rendition of the judgment, and the judgment-file is otherwise lacking in matter of form. It does, however, adequately set forth the fact of the defendant's conviction and sentence, and she does not now seek, as she could not obtain, any advantage from its merely technical imperfections.  From the charter

of the city of New Haven, of which we take judicial notice, it appears that it is the duty of the clerk of the City Court to keep its criminal files and records and that each assistant clerk has all the power and may perform all the duties of the clerk, subject to his direction. Special Laws of 1899, p. 438, § 169; Special Laws of 1905, p. 914, § 26. It is one of the duties of clerks of courts, except in special cases, to draw up or supervise the drawing up of judgment-files and to sign them as representative of the court whose acts they recount. See Practice Book, p. 270, §§ 125, 126; General Statutes, § 5534. Upon its face the judgment-file here in question bore no imperfections which would affect its admissibility or its weight as authentic evidence of the prior conviction of the accused.

The defendant objects to it, however, because it was made up more than a year after the defendant was convicted of the offense charged, from unsigned memoranda upon the original information and writ and upon the docket of the court. There is a distinction between the judgment of the court, such notations as in the present case appear upon the original complaint and in the docket of the court, and the judgment-file. The judgment is the determination or sentence of the law speaking through the court, pronounced or made known in some appropriate way, orally or in writing or partly in each. The notations on the original complaint and in the docket are the entries made when a judgment is rendered in order to preserve accurately and put upon immediate public record the acts of the court. The judgment-file consists of the writing out of the judgment for record, giving a history of the various steps in the action leading up to it, and it is prepared and signed at a time subsequent to the rendition of the judgment. *Bulkeley's Appeal*, 76 Conn. 454, 457, 57 Atl. 112; *Sisk* v. *Meagher*, 82 Conn. 376,

73 Atl. 785; *Hull* v. *Thoms,* 82 Conn. 386, 391, 73 Atl. 793; *Brown* v. *Cray,* 88 Conn. 141, 146, 89 Atl. 1123; *Goldberg* v. *Krayeske,* 102 Conn. 137, 143, 128 Atl. 27. The notations made by the clerk upon the original papers and in the docket need no particular authentication but, appearing as made by him in the appropriate place, may be presumed to be accurate. Such entries, duly authenticated, may stand as adequate evidence of a judgment. *Buckley* v. *Spirt,* 108 Conn. 733, 143 Atl. 844. But it is the judgment-file, signed by the judge or clerk of the court, which is the proper evidence of the rendition of the judgment and its terms. *Brown* v. *Cray, supra.* When such a judgment-file has been prepared, whether or not entries made upon the original papers or in the docket at the time the judgment was rendered are signed is not of consequence. Such entries having been made, the formal judgment-file may thereafter be prepared from them and signed by the clerk or any assistant clerk having authority to act in his stead.

In a criminal case it is the imposition of sentence which is the judgment of the court. *State* v. *Vaughan,* 71 Conn. 457, 458, 42 Atl. 640. This sentence, ordinarily imposed orally, the clerk in attendance should forthwith note down and enter in his docket, and he should promptly thereafter prepare or cause to be prepared a proper judgment-file. We have too recently commented upon the importance of an adherence to a proper procedure in matters of this kind by city and police courts, to justify us in again calling attention to it at length. *Banach* v. *Bohinski,* 107 Conn. 156, 159, 139 Atl. 688. But while promptness in preparing a judgment-file is of the utmost importance, delay in so doing will not invalidate it as an adequate record of the judgment it embodies. Thus, in *Bulkeley's Appeal, supra,* the file was not prepared

for nearly a year and five months after the judgment was rendered.

As there is no infirmity in the judgment-file even when viewed in the light of the testimony of the assistant clerk, we have no occasion to consider whether that testimony was admissible at all for the purpose of attacking the judgment-file as proper and sufficient evidence of the judgment actually rendered against the defendant.

There is no error.

In this opinion the other judges concurred.