## STATE OF CONNECTICUT
*vs.*
## ERNEST MACRI

Superior Court          Fairfield County          File No. 8770

MEMORANDUM FILED FEBRUARY 28, 1939.

*Lorin W. Willis,* State's Attorney, for the State.

*Israel Jacobs,* of New Haven, for the Defendant.

O'SULLIVAN, J. The jury having found the accused guilty as charged, the state's attorney moved for immediate sentence. Counsel for the defendant raised no objection to this procedure and made no suggestion that he contemplated filing a motion to set the verdict aside. Thereupon, the court imposed a sentence in the state prison.

Within 24 hours after the verdict had been accepted, a motion to set the verdict aside was filed, although this did not come to the court's attention until perhaps two weeks thereafter. In the meantime, the prisoner had been transported to Wethersfield where he is now confined in the penitentiary.

Under our rules, an accused who has been found guilty by a jury may file a motion to set the verdict aside within 24 hours after it has been accepted by the court. Practice Book (1934) §229. This rule applies to both criminal and civil cases. *State vs. Chin Lung,* 106 Conn. 701. However, one may waive his right or be estopped to urge that a motion be considered, even in a criminal case. *Leopold vs. State,* 114 Conn. 729. There are many things which an accused may and very frequently does waive during the course of trial, for example, the reading of the information, trial by jury, the right to request and obtain a more specific statement of the charge set forth in the information, and the like. By failing to advise the court in the instant case that a motion was to be presented, the defendant is estopped, after sentence, from being heard. The proper procedure, it seems to me, when the state moves for immediate sentence after the acceptance of a verdict of guilty, is to advise the court that a motion to set aside the verdict will be filed. The convicted person may then be remanded to the county jail or liberated under bail until the procedural step is taken and the motion thereafter heard upon its merits. Section 6488 of the General Statutes, Revision of 1930, provides that whenever any person shall be convicted of

an offense for which punishment may be confinement in the state prison, the court must impose sentence within ten days of conviction unless a stay is ordered. It is apparent that the purpose of this statute is to permit motions to be filed and passed upon before sentence is imposed.

The sentence of the court is its judgment based upon the jury's findings. *State vs. Lindsay,* 109 Conn. 239. Unless that judgment is reopened, a court has no power to set the verdict aside because the time to do so has passed. Therefore, the motion in the instant case is overruled.

However, if consideration were to be extended to the merit of the motion, the same result would be reached.