CHARLES FLYNN, ADMINISTRATOR (ESTATE OF WILFRED BURTON) *v.* BERNARD RACCUIA

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, JS.

Argued February 5—decided February 17, 1959

*Nathan Goldberg,* for the appellant (plaintiff).

*John C. Flanagan,* for the appellee (defendant).

BALDWIN, J.   The plaintiff has appealed from a judgment entered upon a jury's verdict for the defendant.   He assigns error in the denial of his motion to set aside the verdict and in the finding, the charge and a ruling on evidence.

The facts necessary for a discussion of the claims of error can be stated briefly:   The defendant, at 4 p.m. on September 29, 1956, drove his automobile west on Chapel Street in New Haven and turned south into Brewery Street, which intersects Chapel Street from the south only.   The plaintiff's decedent was crossing from the southwest corner of the intersection to the southeast corner.   He was on his way to his lodgings on Chapel Street.   He was nearly across when the defendant's car, traveling slowly, struck him and knocked him down.   The defendant claimed that the decedent, who had been drinking alcoholic liquor, ran directly into the path of the car to avoid a bus which he thought had been proceeding east on Chapel Street and was turning into

Brewery Street. The plaintiff claims that the defendant in turning the corner struck the decedent as he was crossing on the crosswalk and knocked him down. It did not appear that there was a police officer or a traffic light to control traffic at the intersection. The decedent was taken in an ambulance to the Grace-New Haven Community Hospital, where he was examined. Before he could be treated, he left and went to his lodgings. He was last seen alive by a police officer who interviewed him in his room about the accident. He was then able to move about without apparent difficulty, and he said that he was not injured. A month later he was found dead in his room, his body badly decomposed. His injuries were extensive and sufficient to have caused his death. The plaintiff claimed that the decedent's death was proximately caused by the negligence of the defendant. The defendant denied that he was negligent and also claimed that the decedent was guilty of contributory negligence and that his death resulted because he failed to submit to proper medical attention.

The trial court refused to admit in evidence a certified copy of a record of the City Court of New Haven. This record contains on its face a warrant for the arrest of the defendant upon a complaint and information charging him with "Viol. Motor Veh. Laws." On the back of the record is a printed form in which are inserted the date, "Oct. 8, 1956," the title of the case, "State v. Bernard Raccuia," and, under the heading "Complaint and Information for," the notation "Viol. Motor Veh. Laws—Failure to Grant Rt. of Way to Ped." The letter "G" is typed under the headings "Plea" and "Finding," and the notation "$12.00" under the heading "Judgment." There are also a statement that the fine was paid and the signature of an assistant clerk. The plaintiff

offered the record as an admission. The offer posed this question: What admission by the defendant does the record show? A plea of guilty by an accused to a charge of a violation of any one of the laws relating to the operation of a motor vehicle is an admission which can be received in a civil proceeding against him as evidence of his negligence. *Moulin* v. *Bergeron,* 135 Conn. 443, 445, 65 A.2d 478; *Bradley* v. *Niemann,* 137 Conn. 81, 83, 74 A.2d 876. Such an admission does not, however, conclusively establish his negligence. He is not precluded from explaining the plea. *Moulin* v. *Bergeron,* supra; *Bradley* v. *Niemann,* supra; see *Perry* v. *Simpson Waterproof Mfg. Co.,* 40 Conn. 313, 317; *Bochicchio* v. *Petrocelli,* 126 Conn. 336, 339, 11 A.2d 356. A plea of guilty to a complaint and information charging a violation of the rules of the road but not specifying which rule could not be received in evidence as an admission. *Fitzhugh* v. *Bushnell,* 118 Conn. 677, 680, 174 A. 80; *Zenuk* v. *Johnson,* 114 Conn. 383, 388, 158 A. 910. The City Court record was, at best, confusing. It became necessary in the instant case for the trial court to construe it to determine its legal effect, as the court would construe any document offered in evidence. *Grasso* v. *Frattolillo,* 111 Conn. 209, 212, 149 A. 838; *Jordan, Marsh & Co.* v. *Patterson,* 67 Conn. 473, 479, 35 A. 521. The complaint and information charging the defendant with "Viol. Motor Veh. Laws" was defective. A plea of guilty to a criminal complaint admits only what was well pleaded. *Grasso* v. *Frattolillo,* supra. The addition of "Failure to Grant Rt. of Way to Ped.," in what purported to be a judgment file on the back of the record, did not cure the defect. *Banach* v. *Bohinski,* 107 Conn. 156, 158, 139 A. 688. Furthermore, the offer of proof in the trial of the case at

bar is devoid of any circumstances which could give a statutory right of way to a pedestrian under § 14-300 of the 1958 Revision, which alone accords such a right. The trial court's ruling on the offer of the record was proper.

The plaintiff has assigned error in the finding, but no corrections benefiting him are warranted. The errors he claims in the charge concern damages. Since the verdict was for the defendant, these claimed errors need not be considered. *Himmelstein* v. *General Electric Co.*, 144 Conn. 433, 435, 133 A.2d 617; Maltbie, Conn. App. Proc. § 95. We point out, however, that error is assigned in the failure of the court to charge that the plaintiff could recover for his decedent's personal injuries and pain and suffering even though the jury found that his death was not proximately caused by the accident. This claim of the plaintiff advances a different theory of recovery from the one on which the case was tried. The plaintiff did not request any charge on such a theory, and no exception was taken for the failure to give any. Practice Book § 153. The claim appears to be an afterthought of the kind which it is the salutary purpose of the rule cited to forestall.

The trial court properly denied the plaintiff's motion to set the verdict aside. The issues as to liability presented questions of fact within the province of the jury to resolve.

There is no error.

In this opinion the other judges concurred.