SAMUEL McDANIEL v. STATE'S ATTORNEY

SUPERIOR COURT      JUDICIAL DISTRICT OF      FILE No. 165391
NEW HAVEN

Memorandum filed October 22, 1979

*John R. Williams*, for the plaintiff.

*Linda K. Lager*, assistant state's attorney, for the defendant.

FRACASSE, J. The court finds that the plaintiff was convicted after a jury trial on six counts of arson in the first degree and six counts of arson in the second degree. On November 14, 1975, the court denied the plaintiff's motion to set aside the verdict and pronounced sentence. The plaintiff appealed and execution of his sentence was stayed during the appeal. The Supreme Court of Connecticut affirmed the conviction on September 12, 1978, and denied reargument in October, 1978. In October, 1978, the plaintiff began serving his sentence. The plaintiff brought this action, a petition for a new trial pursuant to § 52-270 of the General Statutes, on January 2, 1979. He alleges newly discovered evidence to the effect that important prosecution witnesses have recanted their previous testimony and, therefore, that a new trial would reach an opposite result. The defendant state's attorney, by special defense, argues that the petition is barred by the applicable three year statute of limitations, § 52-582 of the General Statutes, and moves for summary judgment on the special defense.

Section 52-582 of the General Statutes provides that "[N]o petition for a new trial in any civil or criminal proceeding shall be brought but within three years next after the rendition of the judgment or decree complained of." The plaintiff argues that because execution of his sentence was stayed pending appeal pursuant to § 3066 of the 1978 Practice Book, the relevant final judgment is the Supreme Court's denial of reargument in October, 1978. Thus, he claims that his January, 1979 petition was within the limitations period.

A petition for a new trial, however, is a statutory proceeding separate from the appeal process. It does not depend upon the outcome of an appeal but can be brought even simultaneously with the appeal. Practice Book, 1978, § 904; *Black* v. *Universal C.I.T. Credit Corporation,* 150 Conn. 188, 192–93.

Furthermore, imposition of sentence by the trial court has long been held to be the final judgment in criminal cases. Execution of the sentence may be suspended, but the judgment itself remains in force. *State* v. *Pastet,* 169 Conn. 13, 23; *State* v. *Moore,* 158 Conn. 461, 463; *State* v. *Lindsay,* 109 Conn. 239, 242–43. If this were not the case, defendants who began serving their sentences while awaiting the results of an appeal would be limited by § 52-582 to three years to petition for a new trial, whereas defendants who were admitted to bail and had execution of their sentences stayed during appeal could receive the benefit of as many as three or four extra years to bring petitions.

In this case there is nothing in the pleadings or the stipulation of facts to toll the bar of § 52-582.

There is no genuine issue as to any material fact.

Accordingly, as a matter of law the motion for summary judgment should be and is hereby granted.