[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO MODIFY PREJUDGMENT ATTACHMENT ASTO DAVID GUY
The plaintiff, The Fowler Hunting Company ("Fowler"), has moved to modify the existing prejudgment writ of attachment against David Guy ("Guy") by increasing the amount of the attachment from $28,000 to $303,186.15. This action was commenced to recover damages arising from the alleged theft by the defendant Guy and others of $142,062.05 of fruit and produce from the plaintiff. On April 26, 1994 Fowler and Guy appeared in court and stipulated to the finding of probable cause and the entry of the attachment in the aforementioned amount in favor of Fowler.
At the hearing on this Motion, neither Fowler, nor Guy produced any witnesses. Fowler offered transcripts of statements made by Guy at his sentencing hearing which occurred after Guy CT Page 12575 entered a plea of nolo contendere to criminal charges of larceny in the first degree and conspiracy to commit larceny in the first degree. He also offered a statement made by Guy's attorney in connection with Guy's Application for Accelerated Rehabilitation in the criminal case.
Guy objected to the motion to modify the existing attachment for a number of reasons, including the following: the plaintiff has disregarded the requirements of the prejudgment remedy statutes, Connecticut General Statutes §§ 52-278a, et seq., in that it has not filed an application for prejudgment remedy or an affidavit in support of prejudgment remedy; Connecticut General Statutes §52-278k only permits the court to modify a prejudgment remedy downward; the plaintiff stipulated to the amount of the existing prejudgment remedy at a time when its claims in this action were identical to the present claims and cannot now seek a higher amount; and the court's consideration of Guy's statements made in connection with his sentencing on his plea of nolo contendere is improper.
A plea of nolo contendere is distinct from a plea of guilty. The latter is itself a verbal admission by the accused, and, as such, may be admissible in subsequent civil proceedings. Flynn v.Raccuia, 146 Conn. 210, 212-13, 148 A.2d 763; Dumond v. Denehy,145 Conn. 88, 89, 139 A.2d 58; Moulin v. Bergeron, 135 Conn. 443, 445,65 A.2d 478; Lawrence v. Kozloski, 171 Conn. 705, 372 A.2d 110
(1976).
"By contrast, a plea of nolo contendere is merely a declaration by the accused that he will not contest the charge, and `even though followed by a finding of guilty and the imposition of a fine or other penalty, is not admissible, either as a verbal admission or an admission by conduct.' Casalo v. Claro, 147 Conn. 625,632, 165 A.2d 153. Nor is it admissible to affect a party's credibility, as evidence of an arrest, or as res judicata establishing that the plaintiff was engaged in a criminal act.Krowka v. Colt Patent Fire Arm Mfg. Co., 125 Conn. 705, 713,8 A.2d 5;" Lawrence v. Kozloski, 171 Conn. 705, 724, 372 A.2d 110 (1976).
This court has not made a determination that there is probable cause that the plaintiff will recover a judgment in any amount. The existing attachment against Guy was obtained by a stipulation whereby Guy stipulated to both the amount of the attachment and probable cause. Therefore, absent Guy's consent to the increase in the amount of the attachment, which clearly does not exist, this CT Page 12576 court must make a determination that probable cause exists prior to increasing the amount of the attachment. The plaintiff presented no evidence at the hearing on the Motion to Modify Attachment. It relies on the fact that Guy plead nolo contendere to the criminal charge of larceny in the first degree. As explained above, the court cannot consider that plea in determining whether Guy is liable for the theft as alleged in the complaint.
The plaintiff also relies on the following statement by Guy at his criminal sentencing hearing on the charge of larceny in the first degree:
 I was aware of the arrangement with Fowler and Hunting drivers.
The plaintiff also relies on the following statement by Guy's attorney at a proceeding before the court on Guy's Application for Acceleration Rehabilitation on the criminal charges:
 Yes, he [Guy] was there. Yes he was part of the conspiracy. . .
The defendant has supplied no authority to support his claim that the court cannot consider a statement made by a defendant in connection with a plea of nolo contendere. In the context of this case, Guy's statement and that made by his attorney on his behalf are admissions by a party opponent. However, those statements standing alone do not establish probable cause in favor of the plaintiff.
The plaintiff has filed an application for prejudgment remedy and the required affidavit in connection with the initial attachment. Therefore, a second application and affidavit are not required. However, before this court increases the amount of the existing attachment, the plaintiff must establish probable cause and the court must consider the other factors enumerated in Connecticut General Statutes § 52-278d.
For the foregoing reasons, the Motion to Modify Prejudgment Attachment is denied.
By the Court,
Aurigemma, J. CT Page 12577